William **MARROW**,
Petitioner/Appellant,

v.

**UNITED STATES of America,**
Respondent/Appellee.

No. 83–6116.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1984.

Decided Sept. 24, 1985.

Michael H. Krimminger, O'Melveny & Myers, Los Angeles, Cal., for petitioner/appellant.

Carol A. Chase, Asst. U.S. Atty., Los Angeles, Cal., for respondent/appellee.

Before NELSON, BOOCHEVER, and REINHARDT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Marrow appeals the summary dismissal of his petition for writ of habeas corpus. His petition alleged matters outside the record which if true could justify setting aside the guilty plea. The district court therefore erred in dismissing Marrow's petition without an evidentiary hearing and we must reverse and remand for such a hearing.

## FACTS

Marrow was arrested in June 1982 and indicted on six counts of bank robbery. He entered a plea of not guilty, but in July 1982 he changed his plea and pleaded guilty to two counts. After a thorough Rule 11 interrogation, the district court accepted Marrow's plea and convicted him of two counts of bank robbery. In January 1983, the court sentenced Marrow to two concurrent twenty year terms.

In June 1983 Marrow filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He alleged that his guilty plea and the confession that motivated it were involuntary because they were coerced by FBI threats against his longtime female companion, Sandra Brown. He further alleged that he told his court-appointed counsel about the threats and that counsel advised him to plead guilty, and to tell the judge that his plea was voluntary. Marrow contends that this advice, and counsel's failure to inform him that he had a right to appeal his conviction, constituted ineffective assistance of counsel. The district court summarily dismissed the petition, noting that "defendant either perjured himself at his entry of guilty pleas or is now perjuring himself."

## STANDARD OF REVIEW

A district court may not deny a 28 U.S.C. § 2255 motion without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1982). We may affirm the district court if Marrow's allegations, viewed against the record, either fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam) (citing *Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977)).

## I. THE INVOLUNTARY PLEA

The judge's interrogation of Marrow and his counsel before accepting Mar-

row's guilty plea was exemplary in its thoroughness. The judge should not, however, have summarily dismissed Marrow's habeas corpus claim that his guilty plea was involuntary. Marrow alleged in sufficient detail that his plea was coerced by threats that Brown would be imprisoned if he did not plead guilty. This contention involved matters outside the record of this case, and if true could lead to setting aside the guilty plea. Thus, under the authority of *Mayes v. Pickett*, 537 F.2d 1080, 1082–85 (9th Cir. 1976), *cert. denied*, 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977), we are compelled to remand for an evidentiary hearing on this allegation.

■ Marrow also alleged that he confessed to the FBI agents because they threatened to arrest Brown. This contention addresses the legality of the confession, not the guilty plea. Once a defendant pleads guilty he cannot raise independent claims of deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 1607–08, 36 L.Ed.2d 235 (1973); *Mayes*, 537 F.2d at 1081–82.

## II. THE FAILURE TO ADVISE OF APPEAL RIGHTS

■ Marrow sets forth no contention that he ever instructed his attorney to appeal or even inquired as to whether he had a right to appeal. He contends, however, that counsel was obligated to advise him of his limited rights to appeal from a guilty plea conviction, and that failure to do so was ineffective assistance of counsel. This claim is very similar to the claim regarding the coerced plea. If counsel's representation of Marrow was ineffective because of his conduct in relation to the guilty plea, it was also ineffective as a result of his failure to tell him that the unlawfully obtained plea could be vacated on appeal. To succeed on an ineffective assistance claim, a petitioner must show that "considering all the circumstances, counsel's performance fell below an objective standard of reasonableness," and that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Schaflander*, 743 F.2d at 717–18 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2063–67, 80 L.Ed.2d 674 (1984) ). Under *Strickland*, we must first consider whether counsel had a duty to advise Marrow of his right to appeal, because if there is no such duty the failure to advise cannot be ineffective assistance.

As might be expected, there is scant authority on this subject. The federal courts that have addressed the issue have almost uniformly rejected the proposition that an attorney has a duty in all cases to advise of the right to appeal after a guilty plea. As stated in *Carey v. Leverette*, 605 F.2d 745, 746 (4th Cir.) (per curiam), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979):

> Other courts have held that failure to notify an individual of his right to appeal following a guilty plea does not in itself constitute ineffective assistance of counsel. *See Davis v. Wainwright*, 462 F.2d 1354 (5th Cir.1972); *Williams v. United States*, 443 F.2d 1151 (5th Cir.1971); *Farrington v. North Carolina*, 391 F.Supp. 714 (M.D.N.C.1975); *Younger v. Cox*, 323 F.Supp. 412 (W.D.Va.1971). *Accord Barber v. United States*, 427 F.2d 70 (10th Cir.1970); *Crow v. United States*, 397 F.2d 284 (10th Cir.1968). *But cf. United States v. Mancusi*, 275 F.Supp. 508 (E.D.N.Y.1967). Agreeing with these decisions, we conclude that there is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea. We recognize that extraordinary circumstances might establish that the omission of advice actually denied a defendant due process of law.

The Fifth Circuit in *Davis v. Wainwright*, 462 F.2d 1354, 1355 (5th Cir.1972) (per curiam), said:

> We find no merit in the appellant's contention concerning advice of the right to take a direct appeal. The rule with regard to federal defendants is that

there is no necessity to advise them of the right to appeal after they have pled guilty. *Waddell v. Alldredge,* 5 Cir. 1972, 457 F.2d 944; *Williams v. United States,* 5 Cir.1971, 443 F.2d 1151, and cases cited therein.

In *Miller v. McCarthy,* 607 F.2d 854 (9th Cir.1979), the defendant claimed that he was not advised of the penalty before pleading nolo contendere, and that if advised of it he would not have so pled. Miller alleged that he paid counsel to prosecute an appeal and continually urged his attorney to act. We held that if Miller's allegations were true he was denied effective assistance of counsel. *Id.* at 857. In contrast, Marrow does not allege that he was not informed of the penalty nor that he made any request of his attorney to file an appeal. *See also Hollis v. United States,* 687 F.2d 257, 258–59 (8th Cir.1982) (similar failure by counsel to file timely notice of appeal after being so instructed by client who had plead guilty), *cert. denied,* 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983).

In *Riser v. Craven,* 501 F.2d 381, 382 (9th Cir.1974) (en banc) (per curiam), an evidentiary hearing was required on a claim of ineffective assistance when his lawyer knew Riser wanted to appeal and was ignorant of his in forma pauperis rights. Similarly in *Sanders v. Craven,* 488 F.2d 478, 480 (9th Cir.1973), a hearing was required on a claim of ineffective assistance of counsel when, after sentencing on a guilty plea, defendant contended that he inquired if he could appeal and counsel told him that it would cost more than he could afford, without advising of the right to appeal in forma pauperis. The cases do not support Marrow because he does not allege that he inquired of counsel as to his right to appeal.

■ We conclude that there is no duty in all cases to advise of the right to appeal a conviction after a guilty plea. Rather, counsel is obligated to give such advice only when the defendant inquires about appeal rights or when there are circumstances present that indicate that defend-

ant may benefit from receiving such advice. We find some support for our conclusion in the sentencing procedures set forth by the Federal Rules of Criminal Procedure. In 1974, Federal Rule of Criminal Procedure 32(a)(2) was amended by adding the following to the provision requiring notification by the court of the right to appeal after trial on a plea of not guilty: "There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere."

The notes of the Advisory Committee on Rules explain the reason for this amendment:

Subdivision (a)(2) is amended to make clear that there is no duty on the court to advise the defendant of the right to appeal after sentence is imposed following a plea of guilty or nolo contendere.

To require the court to advise the defendant of a right to appeal after a plea of guilty, accepted pursuant to the increasingly stringent requirements of rule 11, is likely to be confusing to the defendant. See American Bar Association Standards Relating to Criminal Appeals § 2.1(b) (Approved Draft, 1970), limiting the court's duty to advise to "contested cases."

The Advisory Committee is of the opinion that such advice, following a sentence imposed after a plea of guilty, will merely tend to build false hopes and encourage frivolous appeals, with the attendant expense to the defendant or the taxpayers.

A further amendment to Rule 32(a)(2), effective November 1, 1986, provides that "[t]here shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, *except that the court shall advise the defendant of any right to appeal his sentence.*" Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 215(a)(2), 98 Stat. 1987, 2015 (amendment indicated by italics). The plain language of the amendment, providing that the judge shall advise the defendant of his

right to appeal the *sentence*, rather than his right to appeal *the conviction*, indicates that Congress intended to continue the current distinction between the judge's duty to advise of the right to appeal after pleas of guilty and not guilty. The legislative history unequivocally supports this conclusion:

Subdivision (a)(2) of the rule, as now in effect, imposes a duty upon the court to advise the defendant of his right to appeal in a case which has gone to trial on a plea of not guilty, but does not impose any such duty following a plea of guilty or nolo contendere. This basic approach is continued in subdivision (a)(2) of the amended rule with an addition made by section [215(a)(2) ] of the bill to cover the matter of advice regarding the defendant's right, if any, to obtain review of his sentence.

S.Rep. No. 225, 98th Cong., 2d Sess. 156, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3339. Marrow's petition attacks his conviction itself, not the propriety of the sentence imposed. The judge had no duty under the current (or future) Rule 32(a)(2) to advise him of the right to appeal his conviction. While counsel's duty to advise his client is not coextensive with that of the court, and while counsel has a duty to advise his client of the right to appeal a conviction following a plea of guilty in some cases, we believe that the reasons advanced by the Advisory Committee are of some relevance here.

■ More important, one who has voluntarily pleaded guilty after being fully advised of his rights pursuant to Rule 11 will normally have foreclosed his right to appeal. *See Tollett*, 411 U.S. at 266–67, 93 S.Ct. at 1607–08. Informing a defendant who has pleaded guilty of the right to appeal would in a large number of cases serve no useful purpose. In those cases counsel need not advise the defendant of any right to appeal. However, in cases in which the giving of such advice *would* serve to inform the defendant of a right the attorney has some reason to believe the defendant might wish to invoke, the advice should be given.

■ It follows that if there is a claim of error in connection with the plea proceeding that would constitute grounds for setting aside the plea, and if counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim, counsel has a duty to advise his client of the right to appeal the conviction.

We do not require that the claim of error be one which is certain to result in reversal, but it must involve the kind of claim of error upon which attack is not foreclosed after a guilty plea: that is, it must concern the validity of the plea or the jurisdiction of the court rather than the merits of the case against the defendant. *See, e.g., Blackledge v. Perry*, 417 U.S. 21, 29–31, 94 S.Ct. 2098, 2103–04, 40 L.Ed.2d 628 (1974) (habeas attack on conviction after guilty plea limited to attack on voluntariness of plea or on "very power of the State to bring the defendant into court to answer the charge brought against him"); *e.g., Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (per curiam) (direct appeal: double jeopardy claim not barred); *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608 (habeas corpus: unconstitutional jury selection claim barred); *United States v. Burke*, 694 F.2d 632, 634 (9th Cir.1982) (direct appeal: vagueness challenge barred); *United States v. O'Donnell*, 539 F.2d 1233, 1236–37 (9th Cir.) (direct appeal: preaccusation and pretrial delay claims barred), *cert. denied*, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976); *see generally* 1 C. Wright, *Federal Practice and Procedure* § 175, at 624–28 (1982). Because error affecting the validity of the plea or the jurisdiction of the court will result in setting aside the guilty plea, defendant will also have shown that he or she was prejudiced under the *Strickland* test by the failure to notify of the right to appeal.

■ Applying the principles outlined above to the allegations made by Marrow, we find that the circumstances alleged in this case would, if true, have imposed a duty on counsel to advise Marrow of his right to appeal. Assuming that counsel was told by Marrow that his plea was

coerced by threats, counsel had a duty to inform Marrow that the plea could be set aside on appeal. Accordingly, counsel's alleged failure to advise Marrow of his appeal rights would, if true, constitute ineffective assistance. Because this claim is based on matters outside the record, the district court erred in summarily dismissing it. The ineffective assistance of counsel claim should be considered at the evidentiary hearing along with the basic claim that the plea was involuntary. *See Machibroda v. United States*, 368 U.S. 487, 493–96, 82 S.Ct. 510, 513–14, 7 L.Ed.2d 473 (1962) (hearing necessary if issues not conclusively determined by motion and record); *Baumann v. United States*, 692 F.2d 565, 570–71 (9th Cir.1982) (same).

We do not intend to undermine the principle that the defendant, not his lawyer, should decide whether or not to exercise the defendant's right to appeal. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."). The decision whether to appeal "must be the defendant's own choice," *ABA Standards for Criminal Justice* 4–8.2, 21–2.2 (2d ed. 1980), even after a guilty plea, *id.* at 20–1.-1(a)(1) and (b). We continue to rely upon counsel to fulfill their professional obligation to ensure that their clients make informed choices, and to implement those decisions.

The summary dismissal of the petition is reversed and the case is remanded for an evidentiary hearing.

REVERSED and REMANDED.