892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pauline DOUGLAS, Defendant-Appellant.
 No. 88-4463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1989.*
Decided Oct. 13, 1989.
 
 Before WILLIAM A. NORRIS, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas appeals from the district court's order denying her 28 U.S.C. § 2255 motion, claiming that she was denied effective assistance of counsel when her attorney failed to make a suppression motion and that the district court erred in failing to hold an evidentiary hearing on Douglas' claims. We affirm.
 
 
 3
 * On June 4, 1987, Douglas attracted the attention of law-enforcement officers when she acted suspiciously during a stopover at the Dallas airport. Learning that Douglas' flight was bound for Seattle and Anchorage, the Dallas officers notified the DEA. When Douglas' flight arrived in Seattle, DEA officers entered the plane and asked Douglas to step onto the jetway to answer some questions. On the jetway, the officers asked for identification. Douglas gave them an Alaska driver's license that had her correct name. When the officers asked to see her plane ticket, Douglas denied having a ticket even though the officers could see it in plain view in her hand. After examining the ticket, the officers asked why the name on the ticket was different from her name. Douglas told the officers she had purchased it from an individual at the airport. Douglas also denied having checked any luggage, but two baggage-claim tags were clearly attached to the ticket envelope. Douglas also appeared to be concealing something under her sweater.
 
 
 4
 At this point, the officers identified themselves as narcotic officers and told Douglas that they suspected her of transporting controlled substances. The officers then asked if she would consent to being searched by a female officer and Douglas agreed. While the officers were escorting Douglas to the room for the search, she attempted to discard a package. When the officers retrieved the package, they found it contained approximately 70 grams of cocaine. The police formally arrested Douglas and found 250 grams of cocaine in her checked suitcase.
 
 
 5
 Douglas was later convicted by a jury for possession of cocaine with intent to distribute. Thereafter, she brought this section 2255 motion alleging ineffective assistance of counsel and requesting an evidentiary hearing. Adopting the recommendation in the magistrate's report, the district court denied Douglas' section 2255 motion. Douglas filed a timely notice of appeal to this court.
 
 II
 
 6
 We first examine the merits of Douglas' fourth amendment claim. To succeed on a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient and that such conduct prejudiced the defendant's case. Strickland v. Washington, 466 U.S. 668, 687 (1984). When the defense counsel's failure to litigate a fourth amendment claim is the main allegation of counsel's ineffectiveness, the defendant must also demonstrate that the claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).
 
 
 7
 Douglas argues that because her detention by the police was improper under the fourth amendment, her consent was invalid. Douglas correctly points out that consent to a search is deemed tainted if it is the product of an illegal detention. Florida v. Royer, 460 U.S. 491, 501 (1983).
 
 
 8
 In Royer, the Court found that "when the officers had identified themselves as narcotics agents, told Royer that he was suspected of transporting narcotics, and asked him to accompany them to the police room, while retaining his ticket and driver's license and without indicating in any way that he was free to depart, Royer was effectively seized for the purposes of the Fourth Amendment." Id. Similarly, although Douglas agreed to step off the plane to answer questions, when the officers retained her ticket and baggage-claim tags and did not indicate to her that she was free to leave at anytime, Douglas was effectively seized for the purposes of the fourth amendment.
 
 
 9
 Detaining an individual is lawful under the fourth amendment if the officers had a reasonable and articulable suspicion of criminal activity. Id. at 498. In United States v. Sokolow, 109 S.Ct. 1581 (1989), the Court stated that the evaluation of the validity of a stop requires considering " 'the totality of the circumstances--the whole picture.' " Id. at 1585 (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). The Court found there was reasonable suspicion for a valid stop when:
 
 
 10
 (1) [defendant] paid $2,100 for two airplane tickets from a roll of $20 bills; (2) he traveled under a name that did not match the name under which his telephone number was listed; (3) his original destination was Miami, a source city for illicit drugs; (4) he stayed in Miami for only 48 hours, even though a round-trip flight from Honolulu to Miami takes 20 hours; (5) he appeared nervous during his trip; and (6) he checked none of his luggage.
 
 
 11
 Id. at 1583.
 
 
 12
 In this case, Douglas' tickets were paid for in cash and were not issued in her name. She was observed acting suspiciously both in the Dallas airport and in Seattle. She lied to the officers about having a plane ticket and baggage, and she appeared to be concealing something under her sweater. Therefore, given these facts as a whole, we conclude that the officers had a reasonable and articulable suspicion to stop Douglas.
 
 
 13
 Finally, we consider whether the officers' actions exceeded the proper limits of the stop. In Royer, the Court stated that, "an investigative detention must be temporary and last no longer than is necessary.... Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." 460 U.S. at 500. While it is not clear how long the officers questioned Douglas on the jetway, it is not alleged that the duration of the questioning was improper. Furthermore, the walk to the room in order to have Douglas searched by a female officer was neither longer than necessary nor had an impermissible intent. Therefore, we find that the officers' actions did not exceed the proper limits of the stop.
 
 
 14
 Because Douglas was lawfully detained, and because there is no evidence that she was coerced or lacked comprehension of English, Douglas' consent is valid. Since Douglas has failed to demonstrate a meritorious fourth amendment claim, her allegation that she did not have effective assistance of counsel because her counsel did not make a suppression motion must necessarily also fail. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982).[1]
 
 III
 
 15
 Douglas' second claim on appeal is that the district court erred by denying a hearing to determine whether she was prejudiced by her counsel's failure to make a suppression motion and to determine the validity of her detention and consent. An evidentiary hearing shall be granted "unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, because the record shows Douglas' fourth amendment claim is without merit and because she does not dispute any material facts in the record, the district court did not err in denying her request for an evidentiary hearing to determine whether she was prejudiced by her counsel's failure to make a suppression motion. See Watts v. United States, 841 F.2d 275, 278 (9th Cir.1988) (per curiam) (district court could deny evidentiary hearing when it properly concluded that the records in the case entitled section 2255 petitioner to no relief).
 
 
 16
 Nor did the district court err in denying an evidentiary hearing to determine the validity of Douglas' detention and consent. No hearing is required if the "allegations, viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984) (per curiam), cert. denied, 470 U.S. 1058 (1985)). Here, Douglas states that she did not have sufficient command of English to understand fully her interaction with the police and the consequences of her consent. Nevertheless, she does not provide any evidence to support this statement. Further, the record demonstrates that Douglas has no problem speaking English; for instance, it appears she had no difficulty testifying at trial and she stated on the record that she understood and cooperated with the officers because she was an unwitting dupe. Because her claim of not understanding English is incredible on this record, the district court did not err in denying Douglas' motion for a hearing to determine the circumstances surrounding her detention and consent.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we find that Douglas was properly detained under the fourth amendment, we need not address the government's argument that even if the detention exceeded the proper limits of the stop there was probable cause to arrest Douglas on the jetway