953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arly PHILLIPS, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 91-35273.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1992.
Decided Jan. 23, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court's denial of Arly Phillips' petition for habeas corpus.
 
 
 3
 Phillips argues that because of inadequate assistance of counsel he was not aware that his confession could have been suppressed on a number of grounds. Phillips is precluded, by virtue of his guilty plea, from launching a facial attack on the admissibility of his confession. He may only attack the voluntary and intelligent character of the guilty plea by showing that the assistance he received was constitutionally ineffective. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Phillips has failed to meet the standard for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Although Phillips identifies several possible grounds for suppression, none was so certain to succeed that failure to raise it constituted deficient performance in light of the substantial benefit Phillips obtained from the plea.
 
 
 4
 Phillips argues he was given inadequate Miranda warnings because he was not told he had the right to counsel during questioning. United States v. Noti, 731 F.2d 610, 615 (9th Cir.1984). The government argues that although the initial oral warning was defective, Phillips signed a written form which corrected the omission. See United States v. Lopez-Diaz, 630 F.2d 661, 664 (9th Cir.1980) (no Miranda violation where defendant given subsequent correct warnings). The written form is not part of the record, however, and there is no proof as to what it contained. The success of a motion to suppress was therefore uncertain.
 
 
 5
 Phillips argues his fifth amendment rights were violated because the police did not cease interrogation after he invoked his right to remain silent, as required by Miranda v. Arizona, 384 U.S. 436, 473-74 (1966). Phillips' invocation of his right to silence was ambiguous since he continued to talk after saying he did not wish to speak. Suppression of his statements based on invocation of his right to silence was therefore uncertain.
 
 
 6
 Phillips argues he invoked his right to counsel and therefore should not have been questioned until counsel had been made available. Phillips' statement: "[u]sually that's the only way I stay out of trouble, runnin'. We agree to this How is that goin' to work? I might be able to talk to my attorney before, like I'm not trying to put you off or anybody else off ..." was not clear enough to qualify as an unequivocal request for counsel. Although the statement might be considered analogous to language involved in cases finding an equivocal invocation of the right to counsel, it is far from certain a judge would have reached that conclusion.
 
 
 7
 Phillips argues his confession was the product of psychological pressure because the officers conditioned release of Ms. Coatney, Phillips' female companion, on Phillips' willingness to provide information. See United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir.1981) (citing Townsend v. Sain, 372 U.S. 293, 307 (1963)). The long exchange leading to the confession is equivocal. Although it might be read as Phillips reads it, it does not fit clearly within the pattern of cases held to involve psychological coercion.[1] Here again, Phillips' argument for suppression is plausible, but far from certain to succeed.
 
 
 8
 Cases in this circuit finding ineffective assistance in the context of guilty pleas have involved much more obviously egregious errors in judgment than are shown here.[2] As the court said in McMann v. Richardson, 397 U.S. 759, 769 (1970), the decision to plead guilty is one made in the face of "unavoidable uncertainty." In addition to the uncertainty of success on any of the suppression arguments, counsel was faced with the fact that evidence other than the confession was available to the prosecutor. See id. at 767. There were several eye witnesses to the events at the house who could have testified that Phillips shot the victim.[3]
 
 
 9
 Moreover, perhaps the most important factor in the calculation was the benefit Phillips gained from pleading guilty. The government had threatened to reindict Phillips for aggravated murder and seek the death penalty if he did not plead guilty right away. We are satisfied that counsel's recommendation that Phillips plead to the non-capital offense did not reflect ineffective assistance of counsel.[4]
 
 
 10
 Phillips argues acceptance of his guilty plea violated federal due process because (1) the judge did not establish a sufficient factual basis for the plea and (2) Phillips did not have full knowledge of the nature and elements of the offense. The judge's colloquy with Phillips clearly established a factual basis for the plea; Phillips admitted shooting the victim in the chest with a .22 pistol. There was abundant evidence in the record that Phillips had full knowledge of the elements of the charge against him. The trial judge asked Phillips whether he had read and discussed the plea petition with his attorney. Phillips answered that he had and that he had no questions about its meaning. The state post-conviction court found Phillips was fully counseled and advised of the nature of the charges against him and of all any possible defenses. The district judge found the findings were supported by the evidence, and properly relied upon them. See Marshall v. Lonberger, 459 U.S. 422, 432 (1983).
 
 
 11
 Finally, Phillips argues that he was denied effective assistance of counsel because his lawyer failed to advise him that he had a viable claim of self-defense under Oregon law. See ORS § 161.225. The record suggests, however, that self-defense was discussed with Phillips. In addition, the strategic choices about how to construct a criminal defense are virtually unchallengeable if made after thorough investigation of law and facts. Strickland, 466 U.S. at 690. Phillips' attorney investigated the case over a period of more than six weeks with the assistance of an investigator who spent about 40 hours investigating and interviewing witnesses. E.R. at 32. The facts in this case do not rise to the level of those cases in which the courts have found that failure to investigate constituted ineffective assistance. Compare Kimmelman v. Morrison, 477 U.S. 365, 386 (1986) (failure to conduct any pretrial discovery); Evans v. Lewis, 855 F.2d 631, 636 (9th Cir.1988) (counsel conducted no investigation of defendant's possible mental impairment although its existence was obvious and it was a statutorily defined mitigating factor). Moreover, the self-defense claim was questionable. As Phillips admits, there was conflicting evidence as to whether the victim of the shooting was armed, Appellant's Brief at 25, and Phillips himself stated he was not. The credibility of the witnesses who might have testified the victim was armed was subject to serious challenge.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Tingle, 658 F.2d at 1334-35 (coercion found when officer recited possibly lengthy prison term to which defendant might be subject, warned her that she might not see her child "for a while," warned her that she had "a lot at stake" and that her behavior would be reported to the prosecutor); United States v. McShane, 462 F.2d 5, 7 (9th Cir.1972) ("If the officers in the case before us had expressly threatened [the girlfriend] with arrest and prosecution, or had bargained with McShane to get his confession in exchange for her release, we would have serious doubts about the admissibility of the confession.") (dictum); Ferguson v. Boyd, 566 F.2d 873, 875, 877 (4th Cir.1977) (accused held without a hearing of any kind for six days, his girlfriend was separated throughout this time from her two infant children and held without bond even though the case against her was "shaky" from the outset, and police blatantly ignored a direct invocation of the right to counsel)
 
 
 [2]
 See, e.g., Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir.1986) (counsel advised client to plead guilty stating that there was almost no chance of an extended sentence when in fact the chance was very high that an extended sentence would be imposed); Marrow v. United States, 772 F.2d 525, 529-30 (9th Cir.1985) (where lawyer knows that a confession was coerced, it would be ineffective assistance not to advise client that he had a right to appeal)
 
 
 [3]
 Although two of the eye witnesses might have testified Phillips was being attacked when he shot the victim, it is not clear the events would have satisfied the elements of self defense. Moreover, Phillips denied his attacker was armed. See Appellant's Brief at 19
 
 
 [4]
 At oral argument, defense counsel argued that defendant was not advised of the grounds for suppression and therefore he was deprived of his right to weigh the risks of proceeding to trial. Counsel did not include this assertion as a separate argument in his briefs on appeal. It does not appear that he did so in the district court. In any event, the record indicates in general terms that defendant was advised of all his defenses and the risks of proceeding to trial. In the absence of evidence that a more specific claim was made in the district court, the general finding was sufficient