959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis BIERILO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-56245.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Bierilo, a federal prisoner, appeals the district court's summary dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 In 1975, Bierilo pleaded guilty to importation of heroin. He was sentenced to a seven-year term of imprisonment and a special parole term of ten years. Bierilo filed his first section 2255 motion in 1978; he alleged that (1) he had received ineffective assistance of counsel, and (2) the special parole term had not been imposed at the sentencing hearing. This motion was denied. In 1987, he filed a motion under Fed.R.Crim.P. 35 to correct his sentence and again challenged the special parole term, this time on the ground that it was not authorized by the statute under which he had been convicted. This motion also was denied. On March 16, 1990 Bierilo filed a second section 2255 motion and again alleged that the special parole term was illegal. On July 10, 1990 Bierilo filed an "amended complaint," in which he further alleged that the indictment against him was defective and his attorney rendered ineffective assistance. The district court summarily dismissed the action.
 
 
 4
 The district court may dismiss a section 2255 motion summarily "[i]f it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Dismissal is proper if the "allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985).
 
 
 5
 Bierilo's claims that his counsel was ineffective and the special parole term is illegal were properly dismissed because these claims are successive. Bierilo previously has raised the same grounds for relief and they were determined adversely to him, the previous determinations were on the merits, and the ends of justice would not be served by reaching the merits of these claims again because he has made no colorable showing of factual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion); Sanders v. United States, 373 U.S. 1, 15-16 (1963); Rule 9(b), Rules Governing Section 2255 Proceedings.
 
 
 6
 Moreover, Bierilo waived his claim that the indictment was defective by pleading guilty. See United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989) (voluntary and intelligent guilty plea generally "erases claims of constitutional violation arising before the plea"); United States v. Mathews, 833 F.2d 161, 163-65 (9th Cir.1987) (defendant who enters a voluntary and intelligent plea upon advice of competent counsel cannot collaterally attack the validity of the plea).[1]
 
 
 7
 Accordingly, the district court did not err by summarily dismissing Bierilo's section 2255 motion. See Marrow, 772 F.2d at 526; Rule 4, Rules Governing Section 2255 Proceedings.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bierilo's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his "amended complaint," Bierilo also alleged that his plea was coerced and the district court failed to comply with Fed.R.Crim.P. 11. The district court did not err by dismissing these claims because Bierilo failed to set forth sufficient facts to support these allegations, nor did he provide any reason for his failure to raise these claims in his first section 2255 motion, when transcripts of the plea hearing were available. See Rule 4; Rule 9(a), Rules Governing Section 2255 Proceedings
 
 
 [2]
 Appellee's motion to strike appellant's July 31, 1991 "Memorandum of Law in Support of Objections to the Lower Court's Rule 10(c) Order" is granted. Appellant's "Motion for a More Definite Statement," filed on February 14, 1992, is denied