990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Lee HARRELL, Petitioner-Appellant,
v.
E.B. MYERS, Respondent-Appellee.
 No. 91-16566.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1993.*
Decided March 18, 1993.
 
 Before PREGERSON, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Lee Harrell appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1988 conviction for first degree murder. The petition alleges that Harrell's confession was obtained in violation of Miranda, and that his guilty plea was involuntary. We affirm.
 
 DISCUSSION
 A. Involuntary Confession
 
 3
 Harrell alleges that he was not advised of his Miranda rights prior to confessing. He also alleges that his confession was coerced. Harrell's plea of guilty, however, precludes him from raising these issues on appeal. See Marrow v. United States, 772 F.2d 525, 527 (9th Cir.1985); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).
 
 B. Invalid Guilty Plea
 
 4
 Pursuant to a plea bargain, Harrell pled guilty to first degree murder and to having used a firearm in the commission of a crime. In exchange, the government dismissed two counts of attempted robbery. Harrell challenges the validity of his guilty plea on two grounds. First, he contends that his guilty plea is the product of ineffective assistance of counsel. Second, he asserts that his guilty plea is the product of "fraud, trickery and deceit."
 
 1. Ineffective Assistance of Counsel
 
 5
 Harrell contends that his attorney's failure to move to suppress his confession constitutes ineffective assistance of counsel.
 
 
 6
 At the preliminary hearing, the detective who interviewed Harrell testified under oath that he read Harrell his Miranda rights prior to questioning him. As such, it is unlikely that the court would have suppressed the confession. Thus, Harrell cannot establish that counsel's conduct was "deficient." See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Harrell also contends that counsel was ineffective in advising him to plead guilty because there was insufficient evidence to prove that he had committed first degree murder or robbery. In particular, he argues that there was no evidence of his specific intent to commit the murder.
 
 
 8
 At the preliminary hearing, Harrell's confession was introduced and an eyewitness to the murder testified. This evidence was sufficient to support a finding of "malice aforethought," the mens rea necessary to establish first degree murder. Cal. Penal Code § 187 (West 1988). Given this evidence and the fact that Harrell faced a potential sentence of life without parole, counsel's advice to accept the plea bargain was well " 'within the range of competence demanded of attorneys in criminal cases.' " Strickland, 466 U.S. at 687, quoting McMann v. Richardson, 397 U.S. 759, 771 (1970).
 
 2. Fraud, Trickery, and Deceit
 
 9
 Harrell also contends that his plea is the product of "fraud, trickery and deceit." In particular, Harrell alleges that he was coerced into pleading guilty under threat of a death sentence and by counsel's misrepresentation as to the weight of the evidence. The transcript of Harrell's change of plea, however, indicates that Harrell was fully and accurately informed of the strength of the prosecution's case and the potential penalty he faced if he lost at trial. [See R.T. 90-102].
 
 
 10
 Hence, on this record, we conclude that Harrell's plea was "voluntary ... knowing, [and] intelligent." See Brady v. United States, 397 U.S. 742, 748 (1970).
 
 
 11
 Accordingly, we AFFIRM.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3