28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loren Ray WEBSTER, Defendant-Appellant.
 No. 93-35675.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Loren Ray Webster, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction pursuant to a guilty plea for conspiracy to distribute and manufacturing methamphetamine in violation of 21 U.S.C. Secs. 846, 841(b)(1), and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Webster contends that his conviction was obtained in violation of the Fifth Amendment because he was not given his Miranda rights, and in violation of the Fourth Amendment because he was subjected to an illegal search. "Once a defendant pleads guilty he cannot raise independent constitutional claims that occurred prior to the entry of the guilty plea." Marrow v. Johnson, 772 F.2d 525, 527 (9th Cir.1985). Thus, both of these contentions are waived because they raise constitutional violations which preceded Webster's guilty plea. See id.
 
 
 4
 Next, Webster contends that his counsel was ineffective because he failed to file a motion to suppress evidence obtained with an electronic tracking device. This contention lacks merit.
 
 
 5
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694. To establish prejudice in the guilty plea context, a defendant must show that there is a reasonable probability that but for counsel's errors, he would not have plead guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 6
 In an affidavit, Webster's attorney, Mestel, testified that after reviewing the evidence it was his professional opinion that a suppression motion would not be likely to succeed and was not well founded. Attorney Mestel thus recommended that Webster plead guilty. The district court found that counsel's professional opinion that there was no likelihood that the suppression motion would succeed was reasonable and supported by the record. Thus, the district court found that Webster had not met the first prong of Strickland because counsel's conduct fell within the wide range of reasonable professional assistance. See Strickland at 689. We agree with the district court's findings.
 
 
 7
 Webster contends that his guilty plea was involuntary because he pled guilty in reliance upon attorney Mestel's false representations that a motion to suppress would be filed. This contention also lacks merit.
 
 
 8
 The district court held an evidentiary hearing on this issue. However, at the hearing, Webster appears to have abandoned this argument, and did not testify that Mestel had represented that a suppression motion would be filed. Attorney Mestel testified that he never represented to Webster that suppression motions would be filed, but did discuss various alternative defenses with Webster. On the basis of their testimony, the district court found that Webster failed to show that counsel ever made false representations, and accordingly, denied this claim. We agree that Webster has failed to show Mestel's performance was deficient. See id. at 689. Webster has also failed to show that he was prejudiced by the alleged deficient conduct. Hill, 474 U.S. at 59. Thus we affirm the district court's findings. See id.
 
 
 9
 On appeal, Webster also contends that Reiman, his attorney at the evidentiary hearing, was ineffective. This contention lacks merit.
 
 
 10
 First, Webster claims that Reiman should have objected to Mestel's testimony that certain "exemplar" documents were never obtained from Mestel's office when they had in fact been obtained by Reiman. Webster has not shown how Reiman's failure to object to this testimony prejudiced him, and thus this claim of ineffective assistance fails. See id. at 694.
 
 
 11
 Second, Webster claims that Reiman should have introduced the exemplar documents into evidence. These documents, concludes Webster, would show that Mestel made false representations about filing a suppression motion. Although Webster himself had the opportunity to testify at the hearing that Mestel made false representations, Webster did not so testify. Moreover, it is unclear how these exemplar documents would show that Mestel made false representations to Webster, and thus Webster's assertion about the evidentiary usefulness of these documents is hypothetical at best. Applying the strong presumption that counsel's conduct fell within "the wide range of reasonable professional assistance," as we must, Webster has not shown that Reiman's performance was deficient. See id. at 689.
 
 
 12
 Third, Webster claims ineffective assistance on the ground that Reiman did not object to the magistrate judge's report. Webster has not shown that he has been prejudiced in this regard, and thus, this claim also fails. See Strickland, 466 U.S. at 694. Accordingly, the district court did not err by denying Webster's Sec. 2255 motion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3