67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Lee DIXON, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 94-36093.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 2, 1995.
 
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl Lee Dixon appeals the district court's denial of habeas corpus relief. We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 On April 13, 1987, Dixon was indicted for aggravated murder, murder, felony murder, and robbery in the first degree for the robbery and fatal stabbing of Robert Shoemaker. If convicted of aggravated murder, Dixon faced the possibility of the death penalty. Dixon's counsel submitted numerous pretrial motions, most challenging the Oregon death-penalty scheme.[1] The trial court denied those motions.
 
 
 4
 Dixon later agreed to submit to a stipulated-facts trial in return for the District Attorney's promise not to present any evidence on the death penalty issue at trial, thus guaranteeing that he would avoid the death penalty.[2] Prior to entering into the agreement, Dixon was advised by counsel that he would not waive any appellate rights by doing so. For purposes of this disposition we assume that the advice was wrong. The trial judge compounded the error by assuring Dixon that his appeal would go straight to the Supreme Court where it would be reviewed.
 
 
 5
 At trial, the court read the stipulated facts to the jury. The stipulation stated that Dixon agreed that the facts in the police reports were "sufficient to prove each and every element of the indictment charging [him] with Aggravated Murder beyond any reasonable doubt." The jury found Dixon guilty of aggravated murder and voted "no" on the three death penalty questions. Accordingly, the court sentenced Dixon to life imprisonment with a thirty-year minimum.
 
 
 6
 After unsuccessfully challenging his conviction on direct appeal, Dixon moved for post-conviction relief in the Marion County Circuit Court. Dixon alleged that he was provided with ineffective assistance of counsel, in that upon his counsel's advice, he entered a guilty plea that was neither voluntary, intelligent, or knowing. Following an evidentiary hearing, the court found that Dixon knowingly and voluntarily entered into the factual stipulation, primarily for the purpose of avoiding the death penalty. The court also found that the trial court had misled Dixon and that Dixon's counsel had failed to correct the error. The court concluded, however, that counsel's error did not prejudice Dixon because his contentions with respect to the death penalty would have been moot if presented on appeal. The Oregon Court of Appeals affirmed without opinion, Dixon v. Maass, 827 P.2d 1373 (1992), and the Oregon Supreme Court denied review, 833 P.2d 1283 (1992).
 
 
 7
 Dixon then filed a petition for writ of habeas corpus in federal district court. In his amended petition, Dixon claimed that he was prejudiced by counsel's deficient performance because if he had known that most of his pretrial motions would be rendered moot by acceptance of the stipulated-facts trial, he would not have accepted the agreement and would have gone to trial. Dixon also claimed that he was denied due process because the grand jury was exposed to penalty phase issues.
 
 
 8
 The district court adopted the magistrate's findings and recommendation that habeas corpus relief be denied. The court concluded that "[w]hether petitioner waived or did not waive his right of appeal and whether the death penalty issues were appealed or not is irrelevant because, had they all been raised with the state Court of Appeals or Supreme Court, they would have been held moot."
 
 DISCUSSION
 A. Ineffective Assistance of Counsel
 
 9
 Denial of a petition for a writ of habeas corpus is generally reviewed de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Whether counsel provided ineffective assistance presents a mixed question of law and fact that is also reviewed de novo. United States v. Olson, 925 F.2d 1170, 1173 (9th Cir.1991).
 
 
 10
 The two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of guilty pleas, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 58-9. Of course, a stipulated facts trial is not a guilty plea. See Adams v. Peterson, 968 F.2d 835, 839 (9th Cir.1992) (en banc). Nevertheless, the same rule applies here.
 
 
 11
 The parties do not dispute that Dixon met the first prong of the test. Whether or not there is a duty in all cases to advise a defendant who has pled of the effect of that plea on his appellate rights, counsel is certainly obligated to give such advice when the defendant inquires about such rights or when there are circumstances present that indicate that the defendant may benefit from receiving such advice. Marrow v. United States, 772 F.2d 525, 528 (9th Cir.1985). In this case, counsel erroneously advised Dixon that all his appellate rights would remain available to him if he accepted the stipulated-facts trial when, in fact, the death-penalty related issues would become moot.
 
 
 12
 The question, therefore, is whether Dixon was prejudiced by counsel's ineffective assistance: whether there is a reasonable probability that Dixon, had he been properly advised of his appellate rights, would not have accepted the stipulated-facts trial and would have insisted on going to trial. Dixon contends that the district court erroneously concluded that he had not been prejudiced by counsel's deficient assistance and, alternatively, that the district erred by dismissing his petition without conducting an evidentiary hearing. We disagree.
 
 
 13
 A habeas corpus petitioner is entitled to a federal evidentiary hearing "if (1) petitioner's allegations, if proven, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). If, as a result of his own inexcusable neglect, however, the petitioner fails to develop the relevant facts before the state court trier of fact, the petitioner is not entitled to an evidentiary hearing unless he can show cause for, and actual prejudice from, such failure. See Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992).
 
 
 14
 Dixon is not entitled to an evidentiary hearing because, if the state court did not reliably find the relevant facts, it was due to his neglect. In the state court post-conviction proceedings, Dixon not only failed to present evidence, but failed even to allege that he would have gone to trial rather than accept a stipulated-facts trial had he been properly advised of his appellate rights. Accordingly, he is not entitled to a hearing. See Hill, 474 U.S. at 60 (finding no error in denial of evidentiary hearing where petitioner "alleged no special circumstances that might support the conclusion that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial"); Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir.1994) (holding that hearing was required where petitioner clearly alleged, and the record contained ample evidence to suggest, that, absent erroneous translation of counsel's advice regarding the likely sentence, he would not have pled guilty).
 
 
 15
 Moreover, we agree with the Magistrate that "[n]either the record nor logic support the conclusion" that Dixon's "willingness to ... enter a ... plea turned on whether in doing so, he would waive his right to appeal a moot issue." Given that his pretrial motions principally related to the death penalty, we seriously doubt that Dixon would have rejected the stipulated-facts trial and risked being sentenced to death in order to preserve his rights of appeal. Consequently, we find that the district court properly denied habeas corpus relief without conducting an evidentiary hearing.
 
 B. Denial of Due Process
 
 16
 Dixon's allegation that his Fourteenth Amendment right to due process was violated because the indictment contained language that addressed the penalty to be imposed is without merit. Dixon offers no explanation as to how the indictment resulted in prejudice. See United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir.), cert. denied, Prock v. United States, 479 U.S. 855 (1986), and White v. United States, 479 U.S. 889 (1986) ("The inclusion of surplusage must not be allowed to prejudice a defendant in the context of his case."). Consequently, the district court properly denied this claim.
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Counsel filed a pretrial motion to have Dixon examined by a mental health expert and a motion to exclude the identification. Appellant's Opening Brief 4; Excerpt of Record 6. Counsel's other motions raised various challenges to the Oregon death penalty. Those motions sought to prohibit death qualification of the jury, to have the Oregon death penalty declared unconstitutional, to conduct individual, sequestered voir dire examination, and to distribute a jury questionnaire. Id. at 4 n. 3
 
 
 [2]
 The state could not offer Dixon a guilty plea at the time because it was believed that the sentencing statute for capital murder cases did not allow defendants to plead guilty or waive a jury trial