129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene John WOLF, Defendant-Appellant.
 No. 96-35411.f
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eugene John Wolf appeals pro se the district court's denial of his 28 U.S.C. 2255 motion challenging his jury conviction and sentence for nine counts of narcotics offenses. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Wolf contends the district court erred by denying his section 2255 motion without holding an evidentiary hearing. This contentlon lacks merit.
 
 
 4
 We review de novo a district court decision on a section 2255 motion. See United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997). A district court's refusal to hold an evidentiary hearing under section 2255 is reviewed for abuse of discretion. See id. at 1157. Section 2255 requires that the district court grant a petitioner's motion to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 J.S.C. § 2255; McMullen, 98 F.3d at 1158. The district court may deny a hearing if the petitioner's allegations, when viewed against the record, fail to state a claim for relief or are so patently frivolous as to warrant summary dismissal. See McMullen, 98 F.3d at 1159 (quoting Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985)). Thus, to warrant a hearing, Petitioner must allege specific facts which, if true, would entitle him to relief. See McMullen, 98 F.3d at 1159. Mere conclusory statements in a section 2255 motion are not enough to require a hearing. United States v. Johnson, 988 F.2d at 945 (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980)).
 
 
 5
 In his motion, Wolf raised claims challenging sentencing, his absence during jury selection, venue, evidentiary rulings, unlawful search and seizure, prosecutorial misconduct, ineffective assistance of counsel, and denial of appeal rights.
 
 
 6
 We agree with the district court that an evidentiary hearing is unwarranted because these claims are either refuted by the record, non-cognizable in section 2255 proceedings, or based on conclusory allegations unsupported by the facts. See McMullen, 98 F.3d at 1159.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4 Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellant's outstanding motions are denied