**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER LYNN RAY,

      Petitioner - Appellant,

v.

SAM CALBONE,

      Respondent - Appellee.

No. 02-5019
(D.C. No. 00-CV-565-H(M))
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This case is before the court on a request by Roger Lynn Ray for a

certificate of appealability ("COA"). Ray seeks a COA so he can appeal the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's dismissal of his 28 U.S.C. § 2254 petition.    *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA).  Because Ray has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA and his appeal is dismissed.    *See id*. § 2253(c)(2).  Ray's request to proceed *in forma pauperis*   on appeal is granted.

Ray pleaded guilty to a charge of first degree manslaughter and forty-five days later was sentenced to twenty-five years' imprisonment.  Ray did not move to withdraw his guilty plea and did not file a direct appeal.  Five months after sentencing, Ray filed an application for post-conviction relief, seeking to file an appeal out of time.  Ray claimed he was denied the right to appeal his conviction because of the ineffective assistance of his counsel.  The state district court denied post-conviction relief and Ray appealed to the Oklahoma Court of Criminal Appeals ("OCCA").  On April 12, 2000, The OCCA affirmed the district court's denial of the application for post-conviction relief.

Ray filed his § 2254 habeas petition on July 7, 2000 raising one claim: that he was denied his Sixth and Fourteenth Amendment rights to counsel, due process, and equal protection and his First Amendment right to access the courts because of the ineffective assistance of his counsel.  The bases of Ray's claim were his assertions that his attorneys failed to inform him of his right to withdraw

his guilty plea and that he was unable to contact his attorneys during the ten-day period after sentencing. The district court rejected respondent's argument that Ray's claim was procedurally barred and addressed the claim on the merits. The district court concluded that Ray's ineffective assistance claim lacked merit because he failed to show that his counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Ray contends that both he and his mother attempted to contact his attorneys after he was sentenced to inform them that he wanted to withdraw his guilty plea but that all attempts were unsuccessful. Ray also made this assertion before the OCCA but failed to attach any documentation or other evidence to support it. Accordingly, the OCCA concluded that Ray failed to demonstrate that he was denied an appeal through no fault of his own. The district court concluded that the OCCA's determination was not unreasonable and that Ray, therefore, has not shown that his attorney

either knew or should have known that he wanted to withdraw his guilty plea. [1]

We agree.

The district court also considered whether counsel had a duty to inform Ray of his right to appeal based on Ray's assertions that his counsel knew or should have known that he had a claim of constitutional error that could result in the setting aside of his guilty plea. *See Marrow v. United States*, 772 U.S. 525, 529 (10th Cir. 1985) ( [I]f there is a claim of error in connection with the plea proceeding that would constitute grounds for setting aside the plea, and if counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim, counsel has a duty to advise his client of the right to appeal the conviction."). The district court concluded that the record provided no support for Ray's assertions that his plea was not made knowingly and voluntarily. The court noted that Ray signed a written guilty plea in which he stated, *inter alia*, that he had discussed the charge against him and any

---

[1] The district court went on to construe the OCCA's determination as a factual finding and then concluded that Ray had failed to rebut that finding with clear and convincing evidence. In arriving at that conclusion, the district court considered affidavits submitted by Ray, Ray's mother, and Ray's counsel. These affidavits were not before the OCCA. Ray argues that the district court erred by not holding an evidentiary hearing on the affidavits. Without expressing any opinion on the propriety of the district court's alternative analysis, we note that Ray was not entitled to an evidentiary hearing because he failed to develop the factual basis for his claim in his state court proceedings. *See* 28 U.S.C. § 2254(e)(2).

defenses with his lawyer, that he believed his lawyer had effectively assisted him, that his plea of guilty was made without any coercion or compulsion, and that he had read the written plea and understood its contents.

Based on its determination that Ray failed to show either that he reasonably demonstrated to his counsel that he was interested in appealing or that his counsel had a reason to believe that he would want to appeal, the district court concluded that Ray failed to demonstrate that his counsel had a duty to inform him of his right to appeal. Consequently, the district court concluded that Ray failed to show that his counsels' performance was constitutionally deficient and it denied habeas relief.

This court has reviewed Ray's application for a COA, his appellate brief, the district court's order dated February 7, 2002, and the entire record on appeal. That review clearly demonstrates the district court's dismissal of Ray's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Ray's request for a COA and **dismiss** his appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-5-