Robert Don **DUCKETT, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. F–89–644.

Court of Criminal Appeals of Oklahoma.

July 25, 1996.

---

### ORDER DENYING REHEARING AND DIRECTING ISSUANCE OF MANDATE

Petitioner, Robert Don Duckett, has filed his Petition for Rehearing which requests this Court to grant a rehearing in *Duckett v. State,* 919 P.2d 7 (Okl.Cr. October 17, 1995), affirming his conviction for Murder in the First Degree. Appellant asserts 1) that this Court's holding with respect to certain portions of the opinion are clearly in conflict with specific statutory authority or controlling decision to which the attention of this Court was not called either in the brief or in oral argument; and 2) that some questions decisive of the case and duly submitted have been overlooked.

Petitioner's grounds for rehearing are summarized as follows:

1. The Court's opinion on the failure to grant a continuance because of the late endorsement of 73 witnesses [two weeks before trial] overlooks arguments submitted to the Court and is in conflict with *Marquez v. State,* 890 P.2d 980 (Okl.Cr.1995); *Dennis v. State,* 879 P.2d 1227 (Okl.Cr.1994); Okla. Const., Art. 2, § 20; *Davis v. Alaska,* 415 U.S. 308, 317–318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974).

2. The Court did not address or rule upon the issue that the video tape was a "jury view" under the statute and as such, the testimonial evidence violated the proscriptions against testimony or explanations from witnesses at a "jury view" as denial of contemporaneous cross-examination in violation of the Sixth Amendment right of confrontation.

3. The Court failed to recognize that the denial of the right to an impartial judge is error which can never be harmless. *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

4. The Court's holding that the instructions given in this case as a whole "adequately advise[d] the jury of their duty to acquit Appellant upon a finding of insanity" is erroneous because the instructions failed to inform the jury of the State's independent duty to prove beyond a reasonable doubt that the defendant was sane at the time of the crime. *Adair v. State,* 6 Okla.Crim. 284, 118 P. 416 (1911); *Yates v. Evatt,* 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991); *Perez v. State,* 798 P.2d 639 (Okl.Cr.1990).

5. The Court's application of *Mitchell v. State,* 876 P.2d 682 (Okl.Cr.1993) [*corrected by* 887 P.2d 335 (Okl.Cr.1994)] failed to consider that the jury may

have substituted the "consciousness of guilt" presumption in the flight instruction for the intent required of first degree murder.

6. This Court's interpretation of *McGautha v. California*, 402 U.S. 183, 220, 91 S.Ct. 1454, 1474, 28 L.Ed.2d 711 (1971), as holding the right to allocution is not a constitutional right, is erroneous.

7. This Court's ruling expanding the statutory aggravating circumstance, "[t]hat the murder was committed by a person while serving a sentence of imprisonment" to include an escapee from a penal institution violates the due process right to notice. *Sisney v. Smalley*, 690 P.2d 1048 (Okl.Cr.1984) [holding the plain meaning of a statute cannot be expanded by construction]; *Boutwell v. State*, 659 P.2d 322 (Okl. Cr.1983) [holding penal statutes are to be strictly construed].

8. This Court's ruling with respect to the admission of accomplice testimony is based on an erroneous finding that Appellant testified at trial. Appellant did not testify at either stage of the trial.

9. This Court failed to address Appellant's claim of constitutional error in the State's use of unadjudicated crime as proof that he constituted a continuing threat. *See Williamson v. Reynolds*, 904 F.Supp. 1529, 1571–1574 (E.D.Okl.1995), relying on *Gardner v. Florida*, 430 U.S. 349, 360 n. 10, 97 S.Ct. 1197, 1205–06 n. 10, 51 L.Ed.2d 393 (1977) [the death sentence of an Oklahoma defendant was invalidated, in part, based on the use of this type of evidence.]

10. This Court again upheld its application of the "continuing threat" aggravator without regard to whether it serves a narrowing function in the jury's capital sentencing decision and without proper narrowing instructions to Appellant's jury. *See Williamson v. Reynolds*, 904 F.Supp. at 1569–1571 [holding that the Oklahoma Court of Criminal Appeals is applying this statutory aggravating circumstance in a vague and overbroad manner.]

■ We have considered the aforesaid and do not find that this Court overlooked any facts, claims or authority or was otherwise persuaded by such authority as they pertain to Propositions I, II, V, VI, VIII, IX, XXV, and XXVIII. As to Proposition XXVII, both this Court and the United States Supreme Court have long held that it is proper to introduce evidence of unadjudicated crimes during the sentencing phase of trial. *Johnson v. State*, 665 P.2d 815, 822–23 (Okl.Cr. 1982). *See generally Jurek v. Texas*, 428 U.S. 262, 271, 96 S.Ct. 2950, 2956, 49 L.Ed.2d 929, 938 (1976). In *Johnson*, we held that it was not necessary for there to be a final conviction for an unrelated criminal offense to be admissible in the sentencing stage. "Prior criminal activity is relevant to the jury determination on the aggravating circumstance the defendant would constitute a continuing threat to society. It is 'essential that the jury have before it all possible relevant information about the individual defendant whose fate it must determine.'" *Id.* at 823 (citation omitted.)

■ As to Proposition XXVI, Appellant did not testify. Thus, the evidence of the crime against Mr. Broyles was not corroborated. However, this Court has found the continuing threat aggravator to be appropriately applied in cases (1) where the evidence established that the defendant participated in other unrelated criminal acts, *Walker v. State*, 723 P.2d 273, 285 (Okl.Cr.1986); (2) where the nature of the crime exhibited the calloused nature of the defendant, *Nguyen v. State*, 769 P.2d 167, 174 (Okl.Cr.1988), *cert. denied*, 492 U.S. 925, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989); (3) where the defendant had previously been convicted of a crime involving violence, *Battenfield v. State*, 816 P.2d 555, 566 (Okl.Cr.1991), *cert. denied* 503 U.S. 943, 112 S.Ct. 1491, 117 L.Ed.2d 632 (1992).

In this case, Appellant stipulated that he had been previously convicted of a prior violent felony. In addition, the State presented evidence of an unadjudicated crime where Appellant and his accomplice, David Britten,

brutally attacked and robbed a Mr. Thacker after he offered them shelter and food. The State also presented evidence that John Howard, the victim in this case, suffered over nineteen (19) blows to his body, piercing his left eye, and breaking his ankle. Afterwards, Appellant, using the keys he took from Howard, robbed the store where Howard worked. This evidence was sufficient for the jury to find the aggravating circumstance of "continuing threat" even without the evidence of the unadjudicated or uncorroborated crime.

Accordingly, Appellant's Petition for Rehearing, should be, and the same hereby is **DENIED.** The Clerk of this Court is directed to issue the mandate forthwith.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge

CHAPEL, V.P.J., not participating.