**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VICTOR WAYNE STEAVESON,

Petitioner-Appellant,

v.

STEVE HARGETT,

Respondent-Appellee.

No. 97-6036
(D.C. No. 96-CV-958)
(W.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,**** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*      Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner Victor Wayne Steaveson requests a certificate of appealability to appeal the district court's decision denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  To be entitled to a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  We conclude that he has failed to make the required showing and, therefore, deny the request and dismiss the appeal.

Petitioner pleaded guilty in April 1993 to two counts each of concealing stolen property and making false declarations to a pawn broker, and was sentenced to a total of fourteen years' imprisonment.   He did not directly appeal his convictions or sentences, but filed an application for post-conviction relief in the state trial court in May 1995, raising the following issues:

- •        his convictions on the two false declaration counts violated the prohibition against double jeopardy;

- •        the trial court improperly considered at sentencing a prior conviction that was not yet final;

---

[1]        We construe petitioner's opening brief as a request for a certificate of appealability, which must be granted before we may address the merits of his appeal.  See 28 U.S.C. § 2253(c).

- the trial court relied on a presentence report that it did not make available to petitioner; and

- the trial court improperly considered evidence of other crimes at sentencing.

The trial court rejected petitioner's claims on the merits and also rejected the first claim on the basis that it should have been raised on direct appeal. Petitioner appealed this decision to the Oklahoma Court of Criminal Appeals. Although the Court of Criminal Appeals acknowledged that the trial court had rejected some of the claims on the merits, the court recognized that petitioner had failed to raise any of his issues on direct appeal and had failed to provide sufficient reason for not doing so. It therefore concluded that petitioner had defaulted his claims under the Post-Conviction Procedure Act, 22 Okla. Stat. tit. 22, §§ 1080-89.

In his habeas petition filed in the district court, petitioner raised the same issues he raised in his state court post-conviction proceedings. In reply to respondent's argument that he had procedurally defaulted his claims, petitioner contended that the ineffectiveness of his counsel in failing to advise him to take a direct appeal constituted cause to excuse his procedural default of his other claims. Adopting the magistrate judge's report and recommendation, the district court found that petitioner had not shown that his counsel was ineffective and that

petitioner had procedurally defaulted his claims. It therefore denied his request for an evidentiary hearing and dismissed his petition.

On appeal, petitioner reiterates his contention that the failure to raise his claims[2] on direct appeal should be excused due to his counsel's ineffectiveness. Construing petitioner's pleadings liberally because he is proceeding pro se, we also consider his pleadings to raise the ineffective counsel claim as a separate stand-alone claim. See, e.g., United States v. Glover, 97 F.3d 1345, 1350-51 (10th Cir. 1996). However we view his ineffective counsel claim, petitioner must show that his counsel's performance was so deficient that counsel was not performing to the level guaranteed by the Sixth Amendment, and that counsel's deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner contends that he should not have to show that he was prejudiced because his counsel's performance denied him the right to appeal, citing, inter alia, Romero v. Tansy, 46 F.3d 1024 (10th Cir. 1995), and Baker v. Kaiser, 929 F.2d 1495 (10th Cir. 1991). We have held that counsel "should provide the defendant with advice about whether there are meritorious grounds for appeal and

---

[2]     On appeal, petitioner has not argued that the trial court erred by relying on a presentence report not made available to him, and we consider that claim waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

about the probabilities of success," and "must perfect an appeal" if that is the defendant's wish. Id. at 1499.[3] Petitioner is correct that in reviewing claims that counsel failed to perfect an appeal, "we do not consider the merits of arguments that the defendant might have made on appeal; instead, prejudice is presumed." Romero, 46 F.3d at 1030 (citations and quotations omitted). It is clear here, however, that counsel advised petitioner regarding the merits of an appeal and did not fail to perfect a requested appeal. Petitioner admits that counsel "told petitioner there was no merit to an appeal on a blind plea,"[4] and that he never requested counsel to appeal. Appellant's Br. at 5. The issue is thus the quality of counsel's advice, which requires determining whether there was any merit to the

---

[3] We recognize that counsel's duty to advise a defendant regarding appeal rights following a guilty plea is limited. See Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citing, inter alia, Marrow v. United States, 772 F.2d 525 (9th Cir. 1985)). However, petitioner raises a double jeopardy issue that could result in setting aside his plea, for which Laycock would appear to require advice. See id. at 1188. He also raises sentencing issues not implicating his plea, since his "blind plea" did not cover sentencing, that "involve the kind of claim of error upon which attack is not foreclosed after a guilty plea," Marrow, 772 F.2d at 529, and which would also appear to fall within Laycock's limited duty to advise of appeal rights. See also id. at 528-29 (noting distinction between post-plea duties of advice regarding convictions and those regarding sentencing); Glover, 97 F.3d at 1347-48 (explaining distinction between guilty plea's waiver effect on challenge to guilt-phase issues and subsequent sentencing issues). Because petitioner's claim fails under either the broader Baker standard or the narrower Laycock standard, we will assume, without deciding, that the broader standard applies.

[4] "A 'blind' plea of guilty is a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." Medlock v. State, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994).

issues petitioner claims his counsel should have raised on direct appeal.  See

United States v. Lopez, 100 F.3d 113, 119-21 (10th Cir. 1996).

We conclude that counsel did not overlook meritorious grounds for appeal

and that petitioner was not prejudiced by the failure to take a direct appeal.  In

other words, none of petitioner's claims has any merit.  Citing Okla. Stat. tit. 21,

§ 51, he first contends that the state court judge improperly considered

convictions that were not yet final in sentencing him.  This statute applies to

sentence enhancements for second and subsequent convictions, id., but petitioner

was not convicted or sentenced under this statute.  He was sentenced within the

range provided for the four crimes to which he pleaded guilty without any

enhancement under § 51.  Similarly, his claim that the court improperly

considered unadjudicated crimes in sentencing him fails.  See Crowder v. State,

518 P.2d 890, 891-92 (Okla. Crim. App. 1974) (holding that court appropriately

considered pending charge identified in presentence report in sentencing

defendant); cf. Duckett v. State, 922 P.2d 631, 633 (Okla. Crim. App. 1996)

(noting permissible use of unadjudicated crimes during capital sentencing).

Finally, petitioner contends that his convictions for concealing stolen property

and making false declarations to pawnbrokers violated the double jeopardy clause

because the crimes had the same objective, which was to obtain money to buy

cocaine.  The ultimate objectives of patently different crimes is irrelevant to a

double jeopardy analysis, which focuses on whether each crime requires proof of a fact that the other does not. See, e.g., United States v. Sarracino, 131 F.3d 943, 949-50 (10th Cir. 1997).

Petitioner has failed to show that his counsel was ineffective. We therefore conclude that petitioner has procedurally defaulted his claims, that any claim for ineffective assistance of counsel fails, and that he has failed to make a substantial showing of the denial of a constitutional right. Petitioner's request to proceed in forma pauperis is GRANTED. His request for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge