**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DALE H. HYLOK,

   Petitioner-Appellant,

v.

RONALD WARD; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

   Respondents-Appellees.

No. 97-5077
(D.C. No. 96-CV-43-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Petitioner Hylok, appearing pro se, seeks to appeal from the district court's

order dismissing without prejudice his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. We deny a certificate of probable cause and

dismiss the appeal.[1]

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]  Because petitioner filed his habeas corpus petition on January 22, 1996,
before the April 24, 1996 enactment date of the Antiterrorism and Effective Death

(continued...)

In September 1985, Mr. Hylok entered a plea of guilty to murder in the first degree and received a sentence of life imprisonment. In 1994, he filed various pro se motions in the state district court, including an application for post-conviction relief, a motion to withdraw guilty plea, a motion for appointment of counsel, and requests for a transcript and documents. Essentially, he sought to withdraw his plea on the grounds that he had been denied (1) the right to appeal his conviction, (2) the right to meaningful access to the Oklahoma courts, and (3) the right to effective assistance of counsel, in that counsel provided improper advice about the plea bargain, neglected to contact him during the ten-day period in which he could have withdrawn the plea, and failed to advise him about his right to appeal.

Petitioner was not permitted to be present at the state district court post-conviction hearing. His former appointed counsel, however, appeared and stated:

---

[1](...continued)
Penalty Act of 1996 (AEDPA), pre-AEDPA habeas corpus provisions apply to this petition. See Demarest v. Price, No. 95-1535, 1997 WL 746288, at *1, *9 (10th Cir. Dec. 3, 1997). The relevant provisions, as in effect at the time the petition was filed in district court, include the requirement of a certificate of probable cause in order to proceed on appeal, rather than a certificate of appealability, see United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), and the requirement of exhaustion of available state remedies, pursuant to 28 U.S.C. § 2254(b), see Demarest, 1997 WL 746288, at *9.

I represented Mr. Hylock [sic] many years ago in a murder case here in Rogers County. If it please the court, I do not want to do that anymore. He killed Don Reynold's wife. Don is my friend. I did it once and I don't want to do it again.

. . . .

I just wanted to make sure that everyone understood that I did not want appointed again. It was almost more than I could stand the first time. . . .

R., Doc. 2, Ex. A at 3-4 (Trans. of 10/6/94 proceedings). The state district court made no inquiries of counsel. It construed counsel's request as a motion to withdraw and granted the motion. The court then denied all of petitioner's motions, without taking any evidence or hearing any argument.

In appealing to the Oklahoma Court of Criminal Appeals, petitioner obtained a transcript of the post-conviction hearing, read counsel's in-court statement, and, allegedly for the first time, learned of counsel's relationship with the victim's family. Petitioner filed a copy of the transcript in the appellate court and argued, in his reply brief, that counsel's statement amounted to an admission of a conflict of interest. The appellate court affirmed the denial of post-conviction relief on the ground of procedural default. It did not mention the alleged conflict of interest.

Petitioner then filed his pro se petition in federal district court, reasserting his general ineffective assistance of counsel claims, and emphasizing the perceived conflict of interest. The district court determined that petitioner had

failed to exhaust his state court remedies on the issue of ineffective assistance of counsel based on the conflict theory and dismissed the petition without prejudice.

There is no question that the district court's conclusion is correct. As we have stated,

> [t]he exhaustion doctrine requires a state prisoner to fairly present his or her claims to the state courts before a federal court will examine them. "Fair presentation" of a prisoner's claim to the state courts means that the substance of the claim must be raised there. The prisoner's allegations and supporting evidence must offer the state courts "a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982).

Demarest, 1997 WL 746288, at *9 (additional quotations and citations omitted).

The conflict issue transforms petitioner's general ineffective assistance of counsel claim and places it in a significantly different legal posture than in the state court proceedings. See id., at *9-*10, *12-*13. "An attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea," but he must provide notification of "a claim of error . . . made on constitutional grounds, which could result in setting aside the plea." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989). The duty arises "when 'counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim.'" Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (quoting Marrow v. United States, 772 F.2d 525, 529 (9th Cir. 1985)).

Counsel's statement at the post-conviction hearing has raised an arguable basis for an entitlement to advice about appeal. A defendant has a Sixth Amendment right to counsel free from conflicts of interest, which "'extends to any situation in which a defendant's counsel owes conflicting duties to that defendant and some other third person.'" United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) (quoting United States v. Soto Hernandez, 849 F.2d 1325, 1328 (10th Cir. 1988)). Prejudice is presumed "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" Strickland v. Washington, 466 U.S. 668, 692 (1984) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 348 (1980)).

The claim of ineffective assistance of counsel attributable to a perceived conflict of interest is a constitutional claim that was not available to petitioner at the time he initiated post-conviction proceedings in state court. The district court properly dismissed the petition to allow the Oklahoma state courts the opportunity to apply controlling legal principles to a record containing the facts relevant to the claim. See Demarest, 1997 WL 746288, at * 9.

Accordingly, petitioner has failed to make a substantial showing that the district court's ruling resulted in a "denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court

could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (citing Barefoot v. Estelle, 463 U.S. 880 (1983)). Petitioner's request for a certificate of probable cause is therefore DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge