Charles Henry **STEWART**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71–2099

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1971.

Rehearing Denied Nov. 23, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

186

Ross Teter (court appointed) Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appellant, a state prisoner convicted on guilty pleas to two robberies and serving two concurrent 25 year sentences therefor, and also presently appealing a state court murder conviction and life sentence thereon,[1] has filed 18 petitions for post-conviction relief in the state courts and two in the federal district court in connection with the robbery convictions. Relief was denied in the federal habeas court without an evidentiary hearing.

In this court appellant has escalated his claims to assert prayers for declaratory and injunctive relief as well as damages against the State of Texas and others. At bottom, however, his complaint is that his pleas of guilty to the robbery charges were involuntary, that his counsel was inadequate and that he was denied the right to appeal. It appears that appellant was represented by two lawyers at the time of his guilty pleas and that he also signed a written waiver of his right to appeal. Nevertheless, no record is presently available of the plea proceedings nor of the evidentiary proceeding pursuant thereto which allegedly took place and where appellant claims to have maintained his innocence. In addition, there is no record available to refute the contention of appellant that he was overborne as to the waiver of the right to appeal.

After partially resolving the matter, the federal habeas court appointed counsel for appellant with direction that he fathom appellant's complaints out of the many pages of longhand, virtually unintelligible matter theretofore filed by appellant. This direction was apparently restricted to the subject of the involuntariness of the pleas. Counsel then filed a pleading which delineated the claims in terms of involuntary pleas, an illegal line-up, ineffective counsel and the denial of the right to appeal. This pleading pointed out that appellant was then undergoing tests in the state court to determine his sanity. It was suggested to the court that in the event appellant was found to have the ability to assist in the presentation of his claims, the federal habeas court should hold a hearing to determine whether appellant was entitled to an out-of-time appeal in the state court from the robbery convictions. See Beto v. Martin, 5 Cir., 1968, 396 F.2d 432, on the subject of an out-of-time appeal in Texas.

All relief was denied in the district court but we conclude that a hearing on one issue was indicated. That issue is the claim that the right to an

1. Respondent's answer states that a previous conviction and life sentence in the murder case was reversed when court records and evidence were lost.

appeal was denied. The record does contain the written waiver but no record of the plea proceedings is available and appellant's allegations concerning the alleged denial are sufficient to make a factual question.

In the event the waiver of appeal is found to be valid, the matter will terminate since all other matters which appellant asserts could have been the subject matter of the state appeal. See Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, on the standard to be used in determining waiver. 372 U.S. at 438–439, 83 S.Ct. 822. (The deliberate bypassing of the appeal). On the other hand, the matter will be remanded to the Texas courts for the out-of-time appeal if no waiver is found. It appears from the briefs before us that counsel who participated in the pleas are available as witnesses and, of course, appellant is available.

The suggestion of appellant that court appointed counsel be relieved because of his failure to file civil suits for appellant is rejected.

Reversed and remanded with direction.