**Broward DAVIS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

**No. 72–1602**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 3, 1972.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

to Broward Davis, a prisoner of the State of Florida. We affirm in part and vacate in part, remanding the case for further proceedings.

The appellant, represented by an assistant public defender, was convicted in the Criminal Court of Record of Dade County, Florida, of robbery. Upon his plea of guilty Davis was sentenced, January 10, 1967, to 50 years imprisonment. There was no direct appeal. We are satisfied from the exhibits filed in this Court that Davis has exhausted the remedies available to him in the State of Florida respecting the points presented on this appeal.

In his federal habeas corpus petition, the appellant has contended that he is entitled to relief because (1) he was not advised of his right to take a direct appeal from the judgment of conviction; and (2) prior convictions which were invalid under Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, were considered by the trial court in imposing sentence.

We find no merit in the appellant's contention concerning advice of the right to take a direct appeal. The rule with regard to federal defendants is that there is no necessity to advise them of the right to appeal after they have pled guilty. Waddell v. Alldredge, 5 Cir. 1972, 457 F.2d 944; Williams v. United States, 5 Cir. 1971, 443 F.2d 1151, and cases cited therein. Such advice not being a right accorded to a federal defendant, it is clear to us that failure to so advise may not be reached as a claimed violation of federal constitutional rights in federal habeas corpus proceedings by a state prisoner attacking a conviction based on a plea of guilty.[1]

This Court recently held that if an appeal is taken following the plea of guilty of an indigent Florida state court defendant, he is entitled to effective assistance of counsel with respect thereto. Barker v. Wainwright, 5 Cir. 1972, 459

Broward Davis, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Joseph R. DeLucca, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

We consider on this appeal the district court's denial, without response or evidentiary hearing, of habeas corpus relief

1. Note the exception to this rule in the case of prisoners in a state such as Texas, where the jury sets the punishment based on evidence adduced after the plea of guilty has been accepted. See Stewart v. Beto, 5 Cir. 1971, 451 F.2d 185.

F.2d 8. In that case, the Court did not have before it, and did not express any opinion on the question now before us. We decline to extend the holding of *Barker* to hold that any federally guaranteed constitutional right is violated by failure to advise a guilty-pleading defendant in Florida of his right to take a direct appeal.

We turn to appellant's other contention: that the trial court erred in considering his allegedly invalid prior convictions in assessing the sentence. The district court erroneously stated in the final order that Davis "launches no attack on any of his prior convictions". The appellant's habeas petition, however, expressly alleged that "all of these [prior] cases was a conviction without counsel, in violation of Gideon v. Wainwright".

This contention is similar to that of a federal prisoner recently granted post-conviction relief by the Ninth Circuit, which action the Supreme Court affirmed. United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, affirming Tucker v. United States, 9 Cir. 1970, 431 F.2d 1292. The Supreme Court affirmed remand of the case to the federal district court for reconsideration of the sentence.

In *Tucker* two of the three prior convictions had already been determined to be invalid because they had been obtained in violation of *Gideon*. Here Davis' prior convictions were attacked by the state post-conviction procedures but relief was denied. The appellee contends that the difference is critical, but we find it without consequence. The district court on remand will have to consider the validity of the earlier state convictions in the light of *Gideon*.

We have no doubt that the rule of the *Tucker* case must be applied with equal force to state prisoners, in light of Burgett v. Texas, 1967, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 which likewise involved a state prisoner.

The appellee's brief in this Court asserts that Davis was represented by counsel in at least two of the prior convictions. This statement is based not on the record here, or on any court's finding but on "[A] quick survey by phone to court clerk offices throughout the state" apparently by counsel or at his direction.[2] Appellee contends that the 50-year sentence would be justified on the basis of these two prior convictions, one for grand larceny and one for breaking and entering. This argument, however, is refuted by the remarks of the state trial judge at the time he imposed sentence. The court stated, for instance, that "this is his tenth felony conviction and his record goes back to 1930".

In the event that Davis can show invalidity of more than one of his major convictions he will be entitled to have his custody remanded to the state trial court for reconsideration of its sentence under the authority of *Tucker*.

The district court's denial of relief because of the claimed failure of the state trial judge to advise of the right to direct appeal is affirmed. That court's ruling denying habeas relief as to the contention advanced by petitioner-appellant regarding use of invalid prior convictions as a basis for sentencing is vacated. This cause is remanded for further and not inconsistent proceedings in the district court.

Affirmed in part; vacated in part, and remanded.

---

2. We forego comment on this unabashed excursion outside the record.