Arlice HUFFMAN, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Dept. of Corrections, Respondent-Appellee.

No. 75–1070.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Richard Prinz, Houston, Tex. (Court appointed), for petitioner-appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., John Pierce Griffin, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

The district court considered the habeas claim of appellant, a Texas State prisoner, as having arisen in the context of the Texas enhancement statute, Vernon's Ann.P.C., Art. 63, *as amended*, V.T.C.A. Penal Code § 12.42. The claim was that the state trial court allowed an in-valid prior conviction to be introduced into evidence during the punishment stage of a bifurcated trial for murder with malice. Vernon's Ann.C.C.P. Art. 37.07, § 2(b) (1966). There were two other prior convictions and the district court held that these were sufficient, together with the murder with malice conviction in which punishment was then being assessed, to mandate enhancement; hence the introduction of the invalid conviction was harmless error.

Appellant appeared pro se in the district court and the decision there was rendered without an evidentiary hearing. Counsel was appointed after the matter reached this court. On appeal, for the first time, appellant is claiming that two of the prior convictions were invalid. Moreover, it is clear that the enhancement statute was not in issue. The proceeding was the punishment stage of a bifurcated murder with malice trial where punishment could have been assessed in a wide range up to and including death. (Appellant received the death penalty which was later commuted to life.) Because of the misapprehension of the issue, it will be necessary to remand the case for further consideration.

On remand, the pleadings may be amended to assert the claim that two invalid convictions were introduced into evidence rather than the one conviction which is concededly invalid. Thus, without regard to whether one or two invalid convictions were introduced, the court should determine whether appellant was denied a constitutional right by virtue of the introduction of the illegal conviction or convictions in the punishment stage of his trial. *United States v. Tucker*, 1971, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *Thomas v. Savage*, 5 Cir., 1975, 513 F.2d 536; *Davis v. Wainwright*, 5 Cir., 1972, 462 F.2d 1354. The issues having been clarified, further proceedings in the district court may involve the question whether available state remedies have been exhausted.

Appellant's contentions that he was denied a two stage bifurcated trial and

the right to confront his co-defendant are without merit.

Affirmed in part; vacated and remanded in part for further proceedings consistent herewith.