United States Court of Appeals,

Eleventh Circuit.

No. 95-3343.

Otis THOMPSON, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

April 29, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 93-40086WS), William Stafford, Judge.

Before DUBINA and BLACK, Circuit Judges, and COHILL[*], Senior District Judge.

PER CURIAM:

Appellant Otis Thompson appeals the district court's denial of his habeas petition.  We hold that the sentencing court's failure to advise Appellant of his right to appeal his sentence constitutes error per se.  Therefore, we reverse and remand for resentencing with notice to Appellant of his right to appeal the sentence.[1]

In 1988, while represented by counsel, Appellant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine.  Neither party objected to the Presentence Report (PSR), and the court sentenced Appellant to 360 months' imprisonment and 5 years' supervised release.  At sentencing, the court failed to advise Thompson of his right to appeal the

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

[1]Appellant's other issues are either rendered moot by our holding or do not require discussion.

sentence.[2]

The circuit courts are divided on the question of what standard is used to review a sentencing court's failure to advise a defendant of his right to appeal. Six circuits have held that such a failure constitutes error per se, requiring the reviewing court to vacate the sentence and remand for resentencing. *United States v. Sanchez,* 88 F.3d 1243, 1249 (D.C.Cir.1996); *Reid v. United States,* 69 F.3d 688, 690 (2d Cir.1995); *United States v. Butler,* 938 F.2d 702, 703-04 (6th Cir.1991); *Paige v. United States,* 443 F.2d 781, 782 (4th Cir.1971); *United States v. Deans,* 436 F.2d 596, 598-99 (3d Cir.1971); *United States v. Benthien,* 434 F.2d 1031, 1032-33 (1st Cir.1970). Two other circuits have held that a petitioner must show some type of harm stemming from the sentencing court's failure to notify him of his right to appeal. *Tress v. United States,* 87 F.3d 188, 189 (7th Cir.1996); *United States v. Drummond,* 903 F.2d 1171, 1174 (8th Cir.1990), *cert. denied,* 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991); *see also Biro v. United States,* 24 F.3d 1140, 1142 (9th Cir.1994).

---

[2]At the time of sentencing, Fed.R.Crim.P. 32(a)(2) provided:

> (2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal his sentence.

This provision now appears in revised form at Fed.R.Crim.P. 32(c)(5).

The requirement of explicit notice of the right to appeal one's sentence is "designed to insure that a convicted defendant be advised precisely of his right to appeal and to avoid a situation where the Government claims a defendant is otherwise aware of his right to appeal while the defendant denies such knowledge." *Paige,* 443 F.2d at 782. We hold that even in cases, such as this one, where the record is clear that Appellant became aware of his right to appeal through other sources, the sentencing court's failure to give notice of this right constitutes error per se. Like the majority of our sister circuits, we are persuaded that "the policy of preventing excessive litigation justifies a strict and literal enforcement of Rule 32(a)(2)." *Reid,* 69 F.3d at 689.

Accordingly, we VACATE the sentence and REMAND for resentencing, at which Appellant will be advised of his right to appeal.