Mario V. TRONCOSO, Petitioner,

v.

Harry K. SINGLETARY, Respondent.

No. 97–691–Civ–KING.

United States District Court,
S.D. Florida,
Miami Division.

March 26, 1998.

Mario V. Troncoso, Pro se.

Mark Rosenblatt, Asst. Atty. General, Dept. of Legal Affairs, Miami, FL, for defendant.

## ORDER DENYING MOTION TO AMEND AND ALTER JUDGMENT AND RE–AFFIRMING MAGISTRATE'S RE-PORT AND RECOMMENDATION

JAMES LAWRENCE KING, Senior District Judge.

THIS CAUSE comes before the Court upon Petitioner's Motion to Amend and Alter the Judgment, filed March 16, 1998.

### Procedural Background

On January 23, 1998, the Honorable Charlene H. Sorrentino, Magistrate–Judge, issued a Report and Recommendation, recommending that Petitioner's Petition for Writ of Habeas Corpus be denied. Petitioner had ten days within which to file objections. Thus, Petitioner's objections were due by February 6, 1998. On February 10, 1998, Petitioner filed a motion for a 60 day extension of time to file objections. The Court entered an Order Affirming the Magistrate's Report and Recommendation on March 3, 1998,[1] which reflects that the Court had not received objections. On March 16, 1998, Petitioner filed his objections.

Although Petitioner untimely filed both his motion for extension of time and his objections, the Court will nonetheless consider the merits of Petitioner's objections.

---

1. Due to a typographical error, the Order mistakenly states that the date of entry is August 3, 1997. The date of entry should read March 3, 1998.

## Factual Background

In 1986, Petitioner was charged in a two count indictment in Dade County Circuit Court with (1) first degree capital murder and (2) possession of a firearm while engaged in a criminal offense. Case No. 86–28204. The plea colloquy reveals that the charges arose from an incident in which Petitioner endangered the lives of four children and killed their mother in the children's presence. Petitioner proceeded to jury trial. After the state rested, he pled guilty to both counts. Following his guilty plea on April 22, 1987, the court sentenced Petitioner to life imprisonment on Count I and fifteen years on Count II, to run concurrently, and to forty-five years imprisonment for violation of probation, also to run concurrently. The record reveals that Petitioner was not advised by the trial judge of the thirty day limit on appealing his sentence. Petitioner did not file a direct appeal. On February 9, 1996, approximately nine years later, Petitioner filed a petition for a writ of habeas corpus with the trial court on the ground that the trial court failed to advise him of the thirty day limit on sentence appeals. The trial court denied the petition. After exhausting his state avenues of relief, Petitioner filed his federal habeas corpus petition on March 17, 1997, asserting that the trial court's actions deprived him of his federal constitutional rights. Petitioner now contends that Magistrate Sorrentino erred in ruling that the trial court's failure to advise Petitioner of the thirty day time limitation on appeal did not constitute a denial of Petitioner's constitutional rights.

## Discussion

 Magistrate Sorrentino concluded that because the U.S. Constitution did not require that the trial judge advise Petitioner of the right to appeal his sentence, failure to advise Petitioner of the thirty day time limit could not constitute a deprivation of federal constitutional rights. The controlling law of

this Circuit holds that a state prisoner cannot base a federal habeas corpus petition on the alleged denial of a procedural right that is not afforded to federal defendants. *Davis v. Wainwright,* 462 F.2d 1354, 1355 (5th Cir. 1972).[2] In *Davis,* the defendant, who had pled guilty to robbery in a Florida state court, filed a federal habeas corpus petition on the ground that he had been deprived of his constitutional rights due to the trial court's failure to advise him of the right to appeal. The Fifth Circuit observed:

> We find no merit in the appellant's contention concerning advice of the right to take a direct appeal. The rule with regard to federal defendants is that there is no necessity to advise them of the right to appeal after they have pled guilty. Such advice not being a right accorded to a federal defendant, it is clear to us that failure to so advise may not be reached as a claimed violation of federal constitutional rights in federal habeas corpus proceedings by a state prisoner attacking a conviction based on a plea of guilty.

*Id.* at 1355 (citations omitted). Thus, the important issue in the instant case is whether, at the time Petitioner committed his crimes, the law required federal judges to advise federal defendants of the right to appeal their sentences.

Prior to its amendment in 1984, Rule 32(a)(2) of the Federal Rules of Criminal Procedure provided:

> After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. ***There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere.*** If the defendant so requests, the clerk of the court

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

shall prepare and file forthwith a notice of appeal on behalf of the defendant.

Fed.R.Crim.P. 32 note (West Supp.1998) (setting forth Rule 32(a)(2) as it existed prior to its amendment in 1984) (emphasis added). Thus, under the pre–1984 version of Rule 32(a)(2), trial courts had no obligation to advise guilty-pleading defendants of any right to appeal. *See Davis,* 462 F.2d 1354; *Waddell v. Alldredge,* 457 F.2d 944 (5th Cir. 1972); *Boyes v. United States,* 354 F.2d 31 (5th Cir.1965); *Barber v. United States,* 427 F.2d 70 (10th Cir.1970), *cert. denied* 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970).

On October 12, 1984, Congress passed the Comprehensive Crime Control Act of 1984 ("Act"), which, in addition to creating a federal sentencing guideline scheme, amended Rule 32(a)(2). Pub.L. 98–473, Tit. II, § 215(a), 1984 U.S.C.C.A.N. (98 Stat.) 2014–15. The Act changed Rule 32(a)(2) "by adding ',including any right to appeal the sentence,' after 'right to appeal' in the first sentence [and] by adding ',except that the court shall advise the defendant of any right to appeal his sentence' after 'nolo contendere' in the second sentence." *Id.* § 215(a)(2)–(3). This changed Rule 32(a)(2) in two ways: First, it specified that defendants convicted after a plea of not guilty had to be advised of the right to appeal their sentences. Second, and more significantly, while the amendment preserved the rule that trial courts were not generally required to advise a defendant who pled guilty of the right to appeal, it did require sentencing courts to advise guilty-pleading defendants of the right to appeal their sentences. Consequently, whereas before courts had no obligation to advise guilty-pleading defendants of any right to appeal,

after the 1984 amendments, courts had the obligation to advise guilty-pleading defendants only of the right to appeal their sentences.[3]

The next critical issue, therefore, is whether Petitioner's case is governed by the pre–1984 Rule 32(a)(2) or the post–1984 Rule 32(a)(2). Because Congress anticipated that creating sentencing guidelines would take a fair amount time, the Comprehensive Crime Control Act of 1984, containing the 1984 amendments to Rule 32, became effective on November 1, 1987. *See* Fed.R.Crim.P. 32 historical notes (West Supp.1998) (amendment effective "thirty six months after Oct. 12, 1984"). The note following the text of the current Rule 32 specifies that the pre–1984 Rule 32(a)(2) applies only to cases in which the *offenses* occurred prior to November 1, 1987. *Id.* note.

Petitioner committed his crimes prior to November 1, 1987. Thus, the Rule 32(a)(2), which provides that courts have no obligation to advise federal defendants of the right to appeal their sentences, applies to Petitioner's case. Consequently, because federal defendants did not have the right to be advised of the right to appeal their sentences when Petitioner committed his crimes, he may not base his federal habeas corpus petition on the trial judge's failure to advise him of the thirty day limit on sentence appeals. *See Davis,* 462 F.2d at 1355.

■ Finally, the Court would like to clarify when a guilty-pleading defendant must be advised of the right to appeal his sentence. Current Federal Court of Appeals decisions do not clearly reveal that habeas petitioners who committed offenses before November 1,

---

**3.** In 1994, Rule 32 was amended again. *See* Fed.R.Crim.P. 32 advisory committee notes (West Supp.1998). The provision previously contained in Rule 32(a)(2) was moved to 32(c)(5). The amendment does not materially change the post–1984 Rule 32(a)(2). Like the post–1984 Rule 32(a)(2), the current Rule 32(c)(5) mandates that non-guilty-pleading defendants must be advised of the right to appeal and that all defendants must be advised of the right to appeal their sentences, but that guilty-pleading defendants do not have to generally be advised of the right to appeal. Fed.R.Crim.P. 32(c)(5). The advisory committee notes on the 1994 amendments state that although Rule 32(a)(2) "has been rewritten, the Committee intends no substantive change in practice. That is, the court may, but is not required to, advise a defendant who has entered a guilty plea ... of any right to appeal.... However, the duty to advise the defendant in such cases extends only to advice on the right to appeal any sentence imposed." *Id.* advisory committee notes.

1987 had no right to be advised of the right to appeal their sentences. The confusion in the case law is likely caused by the fact that two versions of former 32(a)(2) existed, pre-1984 (effective before November 1, 1987) and post–1984 (effective after November 1, 1987). Because federal courts continue to hear habeas petitions involving offenses committed prior to November 1, 1987, it is imperative to specify which version of Rule 32(a)(2) applies.

In a recent case, *Thompson v. United States,* 111 F.3d 109, 110 (11th Cir.1997), the Eleventh Circuit held that the federal district court's failure to advise a guilty-pleading defendant of the right to appeal his sentence was per se error, mandating vacation of the sentence and resentencing. The opinion reveals that the defendant plead guilty in 1988. *Id.* at 109. The court does not, however, specify whether his crimes occurred prior to November 1, 1987. Rather, the court states, "At the time of *sentencing,* Fed.R.Crim.P. 32(a)(2) provided [the language of the post–1984 Rule 32(a)(2) ]." *Id.* at 109 n. 2 (emphasis added). The Second Circuit has employed a similar analysis, focusing on which version of Rule 32(a)(2) was in effect at the time of sentencing rather than at the time of the offense. *Reid v. United States,* 69 F.3d 688, 688 (2d Cir.1995) (noting that post–1984 Rule 32(a)(2) was in effect at time of sentencing hearing). However, as explained above, a review of the relevant legislative provisions and legislative history reveals that the version of Rule 32 in effect at the time of sentencing does not control whether a guilty-pleading defendant must be advised of the right to appeal his sentence. Rather, the version of Rule 32 in effect at the time the crimes occurred is controlling. *See* Fed.R.Crim.P. 32 note (West Supp.1998) (specifying that the pre–1984 Rule 32(a)(2) applies to *"Offenses Committed Prior to Nov. 1, 1987"*) (emphasis added). Thus, this Court would like to make clear that the pre–1984 Rule 32(a)(2), which does not require the court to advise guilty-pleading defendants of the right to appeal their sentences, governs cases in which the offenses occurred before November 1, 1987. The post–1984 Rule 32(a)(2)—now contained in nearly identical form in Rule 32(c)(5) [4]—which does require courts to advise guilty-pleading defendants of the right to appeal their sentences, governs cases in which the offenses occurred on or after November 1, 1987.

### Conclusion

Because Petitioner's offenses occurred before November 1, 1987, his case is governed by the pre–1984 Rule 32(a)(2), which does not require federal courts to advise guilty-pleading defendants of the right to appeal their sentences. Thus, under the authority of *Davis,* 462 F.2d at 1355, Petitioner may not base his federal habeas corpus petition on the state court's failure to advise him of the thirty day limit on sentence appeals. Accordingly, after careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Petitioner's Motion to Amend and Alter Judgment be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Magistrate–Judge Charlene H. Sorrentino's Report and Recommendation be, and the same is hereby, RE–AFFIRMED in its entirety.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 26th day of March, 1998.

---

**4.** The effective date of the 1994 amendments is December 1, 1994. *Id.* historical notes.