United States Court of Appeals,

Eleventh Circuit.

No. 97-4844

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth CHANG, Defendant-Appellant.

May 28, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 96-653-CR-LCN), Lenore C. Nesbitt, Judge.

Before ANDERSON and DUBINA, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Kenneth Chang pled guilty on November 21, 1996 to one count of conspiracy to possess counterfeit currency in violation of 18 U.S.C. § 371 and one count of manufacturing counterfeit currency in violation of 18 U.S.C. § 471. At the March 27, 1997 sentencing hearing, the district court sentenced Chang to 41 months' incarceration, a three-year term of supervised release, and a $200 assessment. The district court did not advise Chang of his right to appeal the sentence; nonetheless, Chang filed a timely notice of appeal. Paradoxically, the only issue raised by Chang in this appeal is that he was not advised of his right to appeal. Because the district court's error was obviously harmless, we affirm.

*Discussion*

Rule 32(c)(5) of the Federal Rules of Criminal Procedure requires a sentencing court to advise a defendant of his right to appeal his sentence. In *Thompson v. United States,* 111 F.3d 109 (11th Cir.1997), Thompson was not advised of his right to appeal his sentence and, importantly, did

not take an appeal. He brought a collateral action pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence on that ground. We held that "the sentencing court's failure to advise Appellant of his right to appeal his sentence constitutes error *per se,*" and vacated Thompson's sentence. *Id.* at 110. We did so in order to effectuate the purpose of Rule 32(c)(5)—" "to insure that a convicted defendant be advised precisely of his right to appeal and to avoid a situation where the Government claims a defendant is otherwise aware of his right to appeal while the defendant denies such knowledge.' " *Id.* at 111, *quoting, Paige v. United States,* 443 F.2d 781, 782 (4th Cir.1971).

*Thompson* does not require resentencing in this case. Here, there is no dispute as to whether Chang was aware of his right to appeal; his timely appeal belies any such claim. The *per se* rule articulated in *Thompson* applies where a defendant is not advised of his right to appeal and, in fact, *does not appeal.* In that situation, the *per se* rule effectuates both the purpose of Rule 32(c)(5) and the added "policy of preventing excessive litigation." *Thompson,* 111 F.3d at 111. In this situation, neither rationale applies, and the violation of Rule 32(c)(5) was harmless. *See United States v. Caswell,* 36 F.3d 29, 30-31 (7th Cir.1994) (failure to advise defendant of right to appeal was harmless where district court extended time to appeal to accommodate defendant).

AFFIRMED.