Anthony WOLFE, Petitioner,

v.

Michael RANDLE, Respondent.

No. C–1–00–410.

United States District Court,
S.D. Ohio,
Western Division.

March 27, 2003.

Anthony Wolfe, Chillicothe Correctional Inst., Chillicothe, OH, pro se.

Theodore E. Kiser, Assistant Attorney General Corrections Litigation Section, Karen E. Carter, Allstate Insurance Company, Cincinnati, OH, for respondent.

### ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Magistrate Judge's December 6, 2002, Report and Recommendation (doc. 18) to which Respondent filed an objection on January 23, 2003 (doc. 20). As Petitioner is proceeding *pro se*, the Court grants his Motion to Extend Time to Respond to Respondent's Objections (doc. 21), considers Petitioner's Response as timely filed (doc. 22), and grants such Response consideration. Also before the Court is Respondent's Motion for Relief from the Court's Order of July 3, 2002 (doc. 16), to which there were no objections filed.

**Background**

Petitioner Anthony Wolfe, an inmate at Chillicothe Correctional Institution (CCI), in Chillicothe, Ohio, was convicted October 24, 1995, after pleading guilty to involuntary manslaughter and aggravated burglary (doc. 1). The trial court sentenced Petitioner to concurrent prison sentences of five (5) to twenty-five (25) years (doc. 3).

Petitioner did not attempt to appeal or otherwise challenge his conviction until July 23, 1999, when he filed pro se a motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District, pursuant to Ohio R.App. P. 5. (*Id.*). Petitioner asserted that he was unaware and was not informed by either the court or his counsel that he could pursue his appeal *pro se* (*Id.*). Petitioner asserted several grounds upon which he intended to pursue his claim if his appeal was permitted to go forward (*Id.*) The Ohio Court of Appeals issued an Entry overruling Petitioner's motion for leave to file a delayed

appeal on August 27, 1999 (*Id.*). On October 12, 1999, Petitioner filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court (*Id.*) Petitioner alleged that he was not advised by the court or his counsel of his right to appeal his conviction or that he could pursue a *pro se* appeal (*Id.*). He argued that the denial of his motion for a delayed appeal violated the Equal Protection Clause because his indigent status denied him meaningful access to the appellate system (*Id.*) On December 22, 1999, the Ohio Supreme Court entered an order denying jurisdiction to hear the case and dismissed the appeal on the grounds that it did not involve a substantial constitutional question (*Id.*)

On May 3, 2000, Petitioner filed the present habeas corpus petition and asserted seven grounds for relief (doc. 1). Respondent filed a motion to dismiss on statute of limitation grounds on July 24, 2000 (doc. 3). On March, 12, 2000, the Magistrate Judge recommended that five of the grounds be dismissed as time-barred and that a sixth ground be dismissed as not cognizable as an independent ground for relief and for failing to overcome the statute of limitations bar (doc. 9). The Magistrate Judge further recommended that Petitioner's only remaining ground for relief that he was denied equal protection of the law when the First District Court of Appeals denied him leave to file a delayed appeal pursuant to Ohio Rules of Appellate Procedure, Rule 5(a), be allowed to proceed (*Id.*). On July 3, 2001, this Court adopted the Magistrate Judge's Report and Recommendation (doc. 13).

On August 30, 2002, the Magistrate Judge issued an order directing Respondent to expand the record with additional information concerning whether Petitioner was informed of his right to appeal his conviction (doc. 14). In response to

the Court's Order, Respondent provided a transcript of the plea and sentencing proceedings, which were devoid of any notification by the trial court of Petitioner's right to appeal, and do not indicate that Petitioner may have been aware of his right to appeal from prior contacts with the judicial system (doc. 17). Respondent's counsel spoke with Peter Rosenwald, the attorney who represented Petitioner at trial who was unable to remember if he had discussed Petitioner's right to appeal with him (*Id.*). Mr. Rosenwald further could not locate any documentary evidence indicating that he had such a discussion or that Petitioner knew about his appellate rights (*Id.*).

## Discussion

Petitioner bases his writ for habeas corpus on the claim that he was denied his right to appeal because his attorney and the trial court failed to advise him of such right or the right to have appellate counsel appointed to him (doc. 1). In a Report and Recommendation dated December 6, 2002, the Magistrate Judge recommended that this Court grant Petitioner's Writ (doc. 18). The Court finds that recommendation well-taken.

Respondent attacks the Magistrate Judge's Report and Recommendation on several grounds. Respondent begins by construing Petitioner's claim as an ineffective assistance of counsel claim, and argues that Petitioner failed to exhaust his remedies at the state court level (doc. 20). Respondent further argues that even if Petitioner had exhausted his state remedies, his claim would still fail on the merits (*Id.*). Respondent is correct that an ineffective assistance of counsel claim must be exhausted at the state court level before federal remedies may be sought. *See Jacobs v. Mohr*, 265 F.3d 407 (6th Cir.2001); *State v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995). Respondent is also correct in setting forth the applicable standard for defendants pursuing an ineffective assistance of counsel claim. *See Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). However, Petitioner does not raise the issue of ineffective of counsel, but instead argues that he was "denied equal protection of the law" because he was unaware of his right to appeal and was not informed of this right by either his court-appointed counsel or the trial court (docs. 1 & 22). Respondent's attempts to apply standards applicable to ineffective assistance of counsel misconstrue the claim in this case, and do not shed any light on the constitutional question at issue.

 Respondent next alleges that Petitioner procedurally defaulted by his failure to file a timely notice of appeal (doc. 20). Respondent begins this argument by noting that there is no constitutional right to an appeal (*Id.*). While this is true, once the state grants the right to appeal it must follow procedures comporting with the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 403, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). After deciding that a right to appeal is essential, the state cannot then deny defendant due process. Due Process claims are implicated when a defendant is denied an adequate opportunity to present his claim and receive an adjudication on the merits, or when defendants are treated differently in such a way that affects their ability to pursue a meaningful appeal. *Id.* at 402, 405, 105 S.Ct. 830. Ohio has granted all defendants the right to appeal following a criminal conviction, and as a result must conform its procedures to the standards of due process. Ohio R.Crim.P 32.

 As the Magistrate Judge correctly noted, due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights.

*Cf. Peguero v. U.S.*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18; *White v. Johnson*, 180 F.3d 648, 652 (5th Cir.1999). The Supreme Court has addressed the procedural requirements for indigent defendants in the appellate process on several occasions. In *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that an indigent defendant is entitled to a transcript in order to pursue an appeal. The Court later held that indigent defendants had a right to counsel on their first appeal, *Douglas v. California*, 372 U.S. 353, 365–57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and that all defendants have the right to effective assistance of appellate counsel, *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The right of notice is more fundamental than the rights previously guaranteed by the Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their appellate rights violates due process. Respondent further notes that a defendant is not necessarily denied a constitutional right when a state court denies a request for a delayed appeal. However, due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected.

■ Respondent next argues that Petitioner is not entitled to relief on the merits (doc. 20). When evaluating an application for a writ of habeas corpus following a judgment of a state court, the federal court may grant relief only if the adjudication was (1) contrary to, or involved an unreasonable application, of clearly established Federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). If a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir.2002); *Harris v. Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir.2000). The review is deferential to the state court's determination. *Id.*

In the present case, the Ohio Court of Appeals summarily denied Petitioner's motion for a delayed appeal, and the Ohio Supreme Court declined jurisdiction to hear an appeal on that ruling (doc. 3). Since there is no court decision to evaluate in light of 28 U.S.C. § 2254, the Court will conduct its own deferential review.

■ The Magistrate Judge clearly set out in his Report and Recommendation the considerations taken into account when evaluating whether a defendant's due process rights were violated in relation to an appeal (doc. 18). The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell*, 432 F.2d 521, 522–23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States*, 772 F.2d 525, 530 (9th Cir.1985). The decision to appeal is not the determination

of defendant's lawyer. *Id.* In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir.1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970) (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal...the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists."); *State v. Sims,* 27 Ohio St.2d 79, 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal...it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")

 In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White,* 180 F.3d at 652 (5th Cir.1999), *Norris v. Wainwright,* 588 F.2d 130, 135 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979) The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975). Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29–30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

Respondent attacks the Magistrate Judge's finding on several grounds, and argues that there is no constitutional mandate that a defendant be informed by either the court or his counsel of his right to appeal following a guilty plea (doc. 20).

Respondent begins by stressing that the federal rules do not mandate that a defendant be informed of the right to appeal a conviction, but largely ignores the fact that the defendant must be informed of their right to appeal their sentence (*Id.*). *See* Fed.R.Crim.P. 32(c)(5). This case centers on the complete failure of the court or counsel to inform Petitioner of his right to appeal. The Magistrate Judge correctly found that this distinction preserves Petitioner's claim in the present case (doc. 18).

Respondent relies on *Micale v. Village of Boston Heights,* Case No. 95–3284, 113 F.3d 1235, 1997 WL 225512, 1997 U.S.App. Lexis 10098, (6th Cir. May 1, 1997), which found that under Ohio Criminal Rule 32 a court need not inform a defendant who pled guilty to a crime that was not serious and carried only a minor fine, of their right to appeal. The present case concerns manslaughter and aggravated burglary, and extended prison time (doc. 1). Furthermore, the rule relied on in *Micale* was amended in 1998, and is now consistent with Fed. Rule Crim. P. 32(c)(5), which requires the court to inform a defendant who has pled guilty of his right to appeal his sentence.

In *Davis v. Wainwright,* 462 F.2d 1354 (5th Cir.1972), the court found, by analogizing the state duty to the duty to inform under the Federal Rules, that there was no constitutional requirement for an attorney to inform his client of a right to appeal a guilty plea. *Id.* The present applicability of this case is questionable, because there is currently a duty in the federal system to inform a defendant of his right to appeal his sentence following a guilty plea. *See* 28 U.S.C. 2254(d).

In *Laycock v. New Mexico*, 880 F.2d 1184, 1187–1188 (10th Cir.1989), the court rejected a petitioner's contention that even if he was aware of his appellate rights, his attorney was required to advise him of his right to appeal his conviction following a guilty plea. *Laycock* is not applicable to the present case because it presupposes that the defendant knew of their right to appeal.

Respondent further cites *Marrow v. United States*, 772 F.2d 525 (9th Cir.1985), which determined, by relying on the legislative history of the Federal Rules of Criminal Procedure as they then stood, that neither the court nor counsel had a duty "in all cases" to advise the defendant of their right to appeal. *Id.* at 528. The Magistrate Judge correctly noted that the court in that case ultimately found that allegations by defendant that his plea was coerced by threats, constituted circumstances that could impose a duty on counsel to inform defendant of his appellate rights (doc. 18).

Despite Respondent's attempts to analogize Petitioner's claims to prior federal precedent, Petitioner offers ample evidence supporting his claim. Namely, Petitioner offers (1) his sworn declaration that neither his counsel or the trial court advised him of his appellate right and he did not learn that he could file a delayed appeal until informed by inmate clerks in 1999 (doc. 1); (2) Respondent's statements that Petitioner's defense counsel could not remember if he had advised Petitioner of his right to appeal (doc. 17); and (3) the transcript of the plea and sentencing which are devoid of notice of appeal (*Id.*). Respondent has been unable to offer any evidence showing that Petitioner knew of his appellate rights or was informed about them by either his counsel or the trial judge. Petitioner has successfully shown by a preponderance of the evidence that

the trial court judge and his own counsel failed to advise him of his right to appeal, and he was not otherwise aware of this right.

■ When evaluating a claim for habeas corpus relief, only holdings of the United States Supreme Court may be relied on with authority. *Harris*, 212 F.3d at 944–945. As discussed previously, the Supreme Court has specifically put in place procedural protections to protect indigent defendants, including the right to a transcript, *Griffin*, 351 U.S. 12, 76 S.Ct. 585; the right to appellate counsel, *Douglas*, 372 U.S. 353, 83 S.Ct. 814; and the right to have that counsel provide effective assistance with their appeal, *Evitts*, 469 U.S. 387, 105 S.Ct. 830. The protections set forth by the Supreme Court all assume that the defendant knows of his right to appeal. Because notice is more basic than the rights granted in Supreme Court precedent and is a foundation of Supreme Court case law, precedent mandates that due process is violated when a defendant is not informed of his right to appeal by the trial court or by his counsel. The Ohio Court of Appeals decision denying Petitioner's claim was therefore an unreasonable application of clearly established Supreme Court precedent.

■ Respondent raised the doctrine of laches in its response to the Magistrate Judge's August 30, 2002, Order to Expand the Record, but the issue was not addressed in the Magistrate Judge's Report and Recommendation, December 6, 2002 (doc. 20). Respondent argues that because Petitioner did not promptly file his habeas petition, Respondent is prejudiced in its ability to defend the case (*Id.*). Specifically, the Respondent argues that if Petitioner had promptly filed his Complaint, the Petitioner's trial lawyer would better be able to recall if he had informed Petitioner of his right to appeal (*Id.*). This argument

overlooks the central theme of this case. The Court allows this petition to go forward because Petitioner was not aware of his right to appeal. The doctrine of laches is inapplicable because Petitioner's delay was not unreasonable or rooted in his negligence (doc. 22).

The Court further does not find Respondent's Motion for Relief from the Court's Order of July 3, 2001, well-taken. Respondent argues that under 28 U.S.C. § 2244(d)(1)(D) that Wolfe's habeas petition is barred for his failure to exercise due diligence in discovering the factual predicate of his claim (doc. 16). Respondent argues that the Court did not consider Respondent's diligence and thus made an error in law justifying relief under Fed. R.Civ.P. 60(b)(6). Respondent's argument is incorrect in that the Magistrate Judge and the District Court found that Petitioner's other claims were indeed barred by failure to exercise due diligence, but that his claim based on his informed right of appeal could not have accrued before December 22, 1999 when the Ohio Supreme Court denied his appeal (doc. 13). Respondent misreads 28 U.S.C. § 2244(d) to impose a requirement of due diligence in this case, when the limitation period was not calculated under § 2244(d)(1)(D), but under (d)(1)(A) which provides that the limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The statute provides that the limitation period shall run from the latest of a number of possible dates, enumerated under (d)(1)(A) through (d)(1)(D). Even if Petitioner could have discovered the factual predicate for his claim at an earlier date, the latest date in this case was that of December 22, 1999, when his claim became final by the Ohio Supreme Court's denial of his appeal. As Wolfe's Petition for Habeas Corpus was filed well before December 22, 2000 (doc. 1), it falls well within the one-year period of limitation of 28 U.S.C. § 2244(d)(1). Consequently, Respondent's Motion is denied.

**Conclusion**

When a defendant pleads guilty he limits his options to appeal, but certain appellate avenues remain open. The Supreme Court has previously stressed that an indigent defendant must be afforded certain procedural protections so that they may properly pursue their appellate rights. *See Griffin,* 351 U.S. 12, 76 S.Ct. 585, right for an indigent defendant a transcript for pursuing their appeal; *Douglas,* 372 U.S. 353, 83 S.Ct. 814, indigent defendants have a right to counsel for their first appeal; *Evitts,* 469 U.S. 387, 105 S.Ct. 830, all defendants have the right to effective assistance of appellate counsel. These rights all presuppose that the defendant is informed of the appellate rights. Due process is offended if a defendant who pleads guilty is not made aware of his right to appeal. This proposition is unaffected by the lack of an explicit constitutional requirement.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. *See United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

Having reviewed this matter *de novo,* pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is correct. Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 18), and AFFIRMS the Magistrate Judge's recommended decision (*Id.*). As such, the Court GRANTS Petitioner's habeas corpus petition (doc. 1) so that Peti-

tioner be released from prison unless the State of Ohio permits Petitioner to file a delayed appeal from his conviction *in forma pauperis* and with court-appointed counsel, within sixty days of the filing of Petitioner's filing of Petitioner's motion for a delayed appeal. The Court further ORDERS Respondent to notify the Court in writing of reinstatement of the appeal and to file a motion to dismiss this action at that time, and ORDERS Petitioner to notify the Court in writing upon expiration of the sixty-day period if the appeal is not reinstated. Finally, the Court DENIES Respondent's Motion for Relief from the Court's Order of July 3, 2001 (doc. 16), and GRANTS Petitioner's Motion to Extend Time 60 Days to Respond to Respondent's Objections to Magistrate's Report and Recommendation (doc. 21).

SO ORDERED.