{¶ 8} I respectfully dissent from the opinion of the majority. That opinion does not address the real issues presented by Davis' request for leave to file a direct appeal. Those issues are his right to file a direct appeal and his right to court-appointed counsel to pursue the direct appeal. The majority measures these rights in terms of the time elapsed since his sentencing and his lack of diligence since sitting in a prison for the last two years. In my opinion, the time elapsed since sentencing and the prisoner's diligence in pursuing his appeal rights are not dispositive of these issues. Instead, I believe a line of cases from the United States Supreme Court and the Supreme Court of Ohio better addresses these issues.
 {¶ 9} With respect to the reasons Davis offers for filing a delayed appeal pursuant to App.R. 5(A), he asserts that he was represented by the public defender, that he told the public defender that he wished to appeal his conviction and sentence, that he did not realize the public defender no longer represented him after sentencing, and that he thought the public defender had filed an appeal for him.
 {¶ 10} Relying on the authority of State v. Sims, it is incumbent on this court to examine the accuracy of these assertions before it dismisses his motion for delayed appeal. The syllabus of the State v. Sims case reads as follows:
 {¶ 11} "In the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such an appeal could be taken, a Court of Appeals must make a factual determination before it dismisses a motion for leave to appeal."[1]
 {¶ 12} Thus, the inquiry at this juncture is not whether Davis was dilatory in sitting on his rights to pursue a direct appeal. On this point, a recent case in the United States District Court for the Southern District of Ohio ordered the state of Ohio to permit an appellant to file a delayed appeal, even though four years had gone by from the time he was sentenced to the time he requested leave to file a delayed appeal.[2]
Instead, this court must pursue its duty to ascertain whether Davis knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel to pursue that appeal. Davis' assertions present at least a colorable claim that he did not knowingly and intelligently waive his right to a direct appeal and his right to court-appointed counsel to pursue the appeal, and, therefore, the duty is imposed on this court to determine the accuracy of those claims. If we dismiss his claims out of hand, we have violated the duty imposed on us by the Supreme Court of Ohio in the case of State v. Sims.
 {¶ 13} Further, my reading of relevant decisions of the United States Supreme Court supports my position. That court has enunciated principles that I believe should guide this court in making a decision in the instant case. Specifically, "[t]he defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal."[3] In addition, "[t]he authority to pursue an appeal, even one following a guilty plea, is the defendant's alone."[4] Further, the statement of principle in theWolfe v. Randle case is significant here:
 {¶ 14} "The decision to appeal is not the determination of defendant's lawyer. * * * In order to make such a decision, the defendant must have knowledge about the appeals options available to him.[5] [6]"
 {¶ 15} The Supreme Court of Ohio summed up the above principles precisely when it held:
 {¶ 16} "Essentially, the opinions in those cases recognize that no conceivable benefit can be derived from rights of which one is unaware. If one's right to direct appeal and his right to court-appointed counsel for such an appeal are to be viable, it is imperative that there be such a determination of such rights by the appellate court."[7]
 {¶ 17} In the context of the cases cited above, it is clear that, if the right of a convicted, indigent defendant to a direct appeal and to court-appointed counsel to pursue that appeal is to have any meaning, then this court must fulfill its duty to ascertain whether Davis waived such right. This analysis has nothing to do with how much time has expired since Davis was sentenced.
[1] State v. Sims (1971), 27 Ohio St.2d 79, syllabus.
[2] Wolfe v. Randle (S.D.Ohio 2003), 267 F.Supp.2d 743.
[3] Wolfe v. Randle, supra, at 747, citing Jones v. Barnes
(1983), 463 U.S. 745, 751.
[4] Wolfe v. Randle, supra, at 747, citing Marrow v. UnitedStates (C.A.9, 1985), 772 F.2d 525, 530.
[5] United States ex rel. Smith v. McMann (C.A.2, 1969),417 F.2d 648, 654, certiorari denied (1970), 397 U.S. 925
("construing Douglas v. California as imposing on a state `a duty to warn every person convicted of a crime of his right of appeal * * * the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists.'").
[6] Wolfe v. Randle, supra, at 747-748.
[7] State v. Sims, supra, at 85.